Renate **EPPENAUER**, Individually and as Independent Executrix of the Estate of A.R. Eppenauer, Jr., Deceased, Appellant,

v.

A.R. **EPPENAUER**, III, et al., Appellees.

No. 08–91–00202–CV.

Court of Appeals of Texas, El Paso.

April 29, 1992.

Rehearing Overruled June 3, 1992.

Roddy L. Harrison, Pecos, Robert Scogin, Kermit, for appellant.

Ralph William Scoggins, C.R. Kit Bramblett, Bramblett & Bramblett, El Paso, J.P. Davis, Haley, Davis, Wren, Bristow & Rasner, P.C., Waco, James E. Baumann, Guevara, Rebe, Baumann, Coldwell & Garay, El Paso, Susan Claybrook–Kelley, Haley, Davis, Wren, Bristow & Rasner, P.C., Waco, for appellees.

Before WOODARD, KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from an order of the 83rd District Court of Presidio County removing Appellant as independent executrix of the estate of her husband, A.R. Eppenauer, Jr., deceased. We affirm.

## I. ISSUE PRESENTED

 In her sole point of error, Appellant asserts that the district court lacked jurisdiction to enter an order removing her as independent executrix. The issue to be resolved is whether a district court, in a county where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, may exercise jurisdiction over a probate action to remove an independent executor, absent an order specifically removing such action from the constitutional county court to the district court.[1]

---

1. A court shall take judicial notice of a fact, where a party so requests and the court is supplied with the proper information. *City of Dallas v. Moreau,* 718 S.W.2d 776, 781 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.) *citing* Tex. R.Civ.Evid. 201(d). Further, this Court may take judicial notice of a matter for the first time on appeal. *Moreau,* 718 S.W.2d at 781; *See*

*also, City of Mesquite v. Moore,* 800 S.W.2d 617, 619 (Tex.App.—Dallas 1990, no writ). Accordingly, this Court will take judicial notice of the fact that there is no legislatively established statutory probate court, county court at law nor other statutory court exercising the jurisdiction of a probate court in Presidio County.

## II. PROCEDURAL HISTORY

On October 17, 1988, Appellant filed an application to probate her husband's will in the County Court of Presidio County. Appellant was appointed executrix on October 31, 1988. On November 18, 1988, Appellees filed their "Complaint to Require Bond of Devisee and Independent Executor" in the county court. On January 4, 1989, the Appellees filed their "Motion to Remove Proceeding to District Court." Specifically, Appellees requested that the hearing to require Appellant, as devisee and as independent executrix, to provide a bond be transferred to the 83rd District Court. The county court granted Appellees' motion and entered an order removing the bond hearing to the district court pursuant to Section 5(b) of the Texas Probate Code.

On December 3, 1990, Appellees filed their first amended complaint in the district court again seeking to require Appellant to post a bond, both in her capacity as a devisee and as independent executor. For the first time, Appellees additionally sought to *remove* Appellant as independent executrix by amending their complaint in the district court. On April 10, 1991, the district court signed an order removing Appellant as independent executrix. It is this order from which Appellant seeks review.

## III. JURISDICTION OF THE DISTRICT COURT TO REMOVE AN INDEPENDENT EXECUTOR

■ Appellant asserts that the district court lacked the requisite jurisdiction to hear the Appellees' amended complaint to have her removed as independent executrix absent that matter being specifically transferred to the district court pursuant to Tex.Prob.Code Ann. § 5(b) (Vernon Supp. 1992). A review of the amendments to the relevant sections of the Texas Constitution and Probate Code is in order.

In 1973, the Texas Constitution was amended to grant the legislature power to increase, diminish or eliminate the jurisdiction of either the district court or the county court in probate matters. Tex. Const. art. V, § 8; *Novak v. Stevens*, 596 S.W.2d 848 (Tex.1980); *Pullen v. Swanson*, 667 S.W.2d 359 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Pursuant to that authority, the legislature amended Section 5 of the Probate Code in 1973. In particular, the amendment authorized the transfer of contested probate matters in counties where there is no statutory probate court or other statutory court exercising probate jurisdiction to district courts. Act of May 12, 1973, ch. 610, § 1, 1973 Tex.Sess.Law Serv. 1684. In 1975, the legislature again amended Section 5. These amendments merely designated the paragraphs of Section 5 as specifically enumerated subsections, *i.e.,* 5(a), 5(b). Since Presidio County has no statutory probate court or other statutory court exercising probate jurisdiction, Section 5(b) is applicable in this case.[2]

In 1979, the legislature specifically elected to further increase the jurisdiction of district courts over probate matters by adopting Section 149C of the Probate Code. Section 149C provides in pertinent part:[3]

(a) The county court, a statutory probate court, a county court at law with probate jurisdiction, or a district court of the county, on its own motion or on motion of any interested person, after the independent executor has been cited by personal service to answer at a time and place fixed in the notice, may remove an independent executor....

Tex.Prob.Code Ann. § 149C (Vernon Supp. 1992). This enactment specifically authorized a district court of the county where the probate action is filed, upon proper motion, to remove an independent executor. *Id.* Thus, Section 149C granted concurrent

---

**2.** From a review of the Government Code, it is evident that Section 5(b) of the Probate Code would apply to probate matters arising in 182 counties within Texas which have neither county courts at law nor statutory probate courts.

**3.** The 1989 amendments to Section 149C eliminated the language requiring the county judge to be licensed to practice law in the State of Texas. Tex.Prob.Code Ann. § 149C. Other sections pertinent to this appeal were left undisturbed by this amendment and thus remain effective.

original jurisdiction to remove an independent executor to either county court, a statutory probate court, a county court at law with probate jurisdiction or a district court.

In 1985, the Texas Constitution was once again amended to grant district courts exclusive, appellate and original jurisdiction of actions except where exclusive, appellate or original jurisdiction may be conferred on some other court. Tex.Const. art. V, § 8. Since the enactment of this constitutional amendment, the pertinent portions of Section 149C giving concurrent original jurisdiction to the district courts in matters regarding the removal of independent executors have not been altered by the legislature. However, Section 5(b) was again amended in 1987 to define the procedure by which the district court may exercise probate jurisdiction. Section 5(b) after the 1987 amendments provided in pertinent part as follows:

> In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations ... shall be filed and heard in the county court, except that in contested matters, the judge of the county court may on his own motion (or shall on the motion of any party to the proceeding, according to the motion) ... transfer the contested portion of the proceeding to the district court, which may then hear contested matter as if originally filed in district court.

Tex.Prob.Code Ann. § 5(b) (Vernon Supp. 1992).

Section 5(b) mandates that upon motion by a party, contested matters shall be transferred to the district court, according to the motion. Tex.Prob.Code Ann. § 5(b). The "Complaint to Require Bond of Devisee and Independent Executor" filed by Appellees in the county court sought, with particularity, to require Appellant, in her capacity as a devisee and as independent executor, to post bond. Next, Appellees filed a "Motion to Remove Proceeding to District Court." Neither the "Complaint," the "Motion to Remove," nor the order granting same, mention the distinct and

subsequent effort to remove Appellant as independent executrix. On that basis, Appellant contends the district court lacked jurisdiction to remove her as independent executrix insofar as such action was initiated in the district court through the filing of an amended complaint. Concluding Section 149C provides such jurisdiction, we disagree.

■ In the instant case, the county court is vested with original jurisdiction over all matters regarding the probate of the decedent's will and its administration. Tex. Prob.Code Ann. § 5(b). However, such original jurisdiction is not exclusive.

Based upon the 1973 Constitutional amendment, the legislature is empowered to regulate the jurisdiction of trial courts hearing probate matters. Section 5, now Section 5(b), of the Probate Code was, in 1973, amended to authorize the transfer and removal of contested probate matters from county courts to district courts in counties which lacked a statutorily-mandated county court at law, or other probate court. However, the legislature subsequently and specifically granted district courts jurisdiction to remove an independent executor upon proper motion by creating Section 149C in 1979. The subsequent 1985 constitutional amendment granting district courts exclusive jurisdiction, except where otherwise conferred, was to further authorize the legislature to refine the jurisdiction of district courts where deemed appropriate. Since the legislature has not repealed or limited the pertinent jurisdictional portions of Section 149C giving district courts concurrent original jurisdiction to remove an independent executor, they remain effective.

■ The subsequent amendments to Section 5(b) in 1987 generally limited a district court's jurisdiction to the specific contested matters raised in the motion and transferred by the county court. These amendments do not, however, limit or repeal the specific grant of concurrent original jurisdiction for the removal of independent executors found in 149C. In the event that general statutory provisions conflict

with a specific provision, both provisions shall, if reconcilable, be construed in a manner to give effect to both. *See* Tex.Gov't Code Ann. § 311.026(a) (Vernon 1988); *See also Acker v. Texas Water Commission,* 790 S.W.2d 299, 301 (Tex.1990) ("A legislative enactment covering a subject dealt with by an older law, but not repealing that law, should be harmonized whenever possible with its predecessor in such a manner as to give effect to both."). Being a specific grant of jurisdiction to remove an independent executor, Section 149C prevails over the general provisions regulating jurisdiction over contested probate matters contained in Section 5(b). Moreover, repeal by implication will not be declared unless there is no room for doubt, and such repeals are not favored by the law. *Acker,* 790 S.W.2d at 301; *Samaniego v. Arguelles,* 737 S.W.2d 88, 89 (Tex.App.—El Paso 1987, no writ). Thus, we will read the two provisions and allow both to stand if the conflict is reconcilable. *Samaniego,* 737 S.W.2d at 89, *Citing International Service Company v. Jackson,* 335 S.W.2d 420 (Tex.Civ.App.—Austin 1960, writ ref'd n.r.e.).

In enacting statutes and amending codes, the legislature is presumed to have knowledge and to have considered the effect and result of a subsequent law upon a prior enactment. *Acker,* 790 S.W.2d at 301; *Olson v. Central Power and Light Company,* 803 S.W.2d 808, 812 (Tex.App.—Corpus Christi 1991, writ denied); *Irving Fireman's Relief and Retirement Fund v. Sears,* 803 S.W.2d 747, 750 (Tex.App.—Dallas 1990, no writ). Thus, it is presumed that the legislature desired a just and reasonable result and contemplated the effect of statutes which are, on their face, conflicting, and both will be given effect unless manifestly inconsistent. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 565, 83 S.Ct. 520, 526, 9 L.Ed.2d 523 (1963); *See also Dueitt v. Dueitt,* 802 S.W.2d 859, 866 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Samaniego,* 737 S.W.2d at 89. A general law will

not be presumed to repeal a specific statute. *See Sam Basset Lumber Co. v. City of Houston,* 145 Tex. 492, 198 S.W.2d 879, 881 (1947). Since the implied repeal of a statute is not favored, we conclude the legislature, by failing to expressly repeal or limit Section 5(b), intended to continue to allow district courts to have the specific authority and jurisdiction to remove independent executors. Such a construction of these provisions (§§ 5(b) and 149C) allows effect to be given to both as militated by Section 311.026 of the Government Code. Thus, we find these statutes to be reconcilable. Pursuant to Section 5(b)'s general limitation of probate jurisdiction, district courts have jurisdiction over only those probate matters transferred by a constitutional county court according to a motion—unless jurisdiction is otherwise specifically conferred upon it by law. Such is the case by Section 149C's specific grant of authority to a district court to remove an independent executor upon proper motion.

Having established that the legislature, by enacting Section 149C, gave concurrent original jurisdiction to district courts with respect to the removal of independent executors, we are of the opinion that either the district court or the county court had original jurisdiction over the action to remove Appellant as independent executrix.[4] Accordingly, we hold that Section 149C gave the 83rd District Court of Presidio County concurrent jurisdiction with the constitutional county court of Presidio County in probate matters involving the removal of independent executors and; therefore, the district court had jurisdiction to hear the present case. Appellant's point of error is overruled.

Having so held, the judgment of the trial court is affirmed.

WOODARD, J., not participating.

---

**4.** We note that Appellant has challenged the jurisdictional authority of the 83rd District Court to enter an order removing Appellant as independent executrix. No challenge has been made on appeal regarding the merits of the removal action.