

# Office of the Attorney General
## State of Texas
August 14, 1997

**DAN MORALES**
ATTORNEY GENERAL

The Honorable Garry Mauro
Commissioner
Texas General Land Office
1700 North Congress Avenue
Austin, Texas 78701-1495

Opinion No. DM-448

Re: Whether land designated for "agricultural use" is subject to the five-year rollback provisions when the property is acquired by the state and related questions (RQ-911)

Dear Commissioner Mauro:

You ask about the recapture or "rollback" of taxes on land appraised for property taxation at its value for agricultural use when the property is acquired by the state and other related questions. Your questions arise as the General Land Office (the "GLO") prepares to dispose of the real property assets of the Superconducting Super Collider project[1] since many of the parcels of land acquired for that project were classified, at the time of acquisition by the state, as "agricultural" for property tax purposes.

Article VIII, sections 1-d and 1-d-1 of the Texas Constitution, as implemented by the provisions of the Tax Code, allow for the designation of certain land for agricultural use and appraisal of such land for property tax purposes on the basis of its productive capacity rather than its market value. The special valuation has the effect of reducing substantially the property taxes on land that qualifies.[2] When the use of the land is changed,[3] however, an additional tax is imposed in an amount equal to the difference between the taxes paid during the past three years or five years — depending on which particular provisions are applicable[4] — and the taxes that would have been due during that period had the land been appraised at market value. Tex. Const. art. VIII, §§ 1-d, 1-d-1; Tax Code §§ 23.46, .55(a). The additional tax imposed is a penalty for taking the land out of agricultural production and is commonly called a rollback tax because it recaptures the taxes the owner would have paid had the property been taxed at market value for each of the years covered by the additional tax. *Resolution Trust Corp. v. Tarrant County Appraisal Dist.*, 926 S.W.2d 797,

---

[1]This was a project for which Congress failed to appropriate funds. *See* Gov't Code § 2301.001(7) ("'Super collider facility' means any superconducting super collider high-energy research facility that is or is proposed to be sponsored, authorized, and funded in part by the United States government.").

[2]STATE PROPERTY TAX BOARD, MANUAL FOR THE APPRAISAL OF AGRICULTURAL LAND 1 (1990) [hereinafter AG MANUAL].

[3]*See infra* note 5.

[4]*See infra* note 5.

by the additional tax. *Resolution Trust Corp. v. Tarrant County Appraisal Dist.*, 926 S.W.2d 797, 799-805 (Tex. App.--Fort Worth 1996, no writ); AG MANUAL, *supra note* 2, at 31 (The "Rollback" Tax).

You first wish to know whether the state's acquisition of a parcel of land subject to the special agricultural valuation constitutes a change in use which would trigger the rollback process. As alluded to above, land is subject to the provisions, including those with respect to additional taxes, of the constitutional amendment under which the land was designated for agricultural use for that year. *See* Tex. Const. art. VIII, § 1-d-1(b); Tax Code §§ 23.52(b), .55(f). Your letter indicates that the land at issue qualified for agricultural appraisal under article VIII, section 1-d-1.[5]

Article VIII, section 1-d-1 of the Texas Constitution, adopted in 1978,[6] authorizes the legislature to provide by general law[7] for taxation of open-space land devoted to farm or ranch purposes on the basis of its productive capacity. Section 1-d-1 also authorizes the legislature to provide by general law for eligibility limitations and to impose sanctions to further the taxation policy of the constitutional amendment. In 1979[8] the legislature implemented the eligibility limitations and sanctions which are now found in subchapter D, chapter 23 of the Tax Code. *See* Tax Code §§ 23.51 - .57. Section 23.55(a) of the Tax Code provides that "[i]f the use of land that has been appraised as provided by this subchapter changes, an additional tax is imposed on the land. . . ." Open-space land accorded the special valuation by the terms of the statute becomes subject to the rollback tax only if the use changes; acquisition alone does not trigger the rollback tax provisions. Attorney General Opinion JM-949 (1988) at 3. Change of use occurs when the use of

---

[5]Sections 1-d and 1-d-1 of article VIII both provide for special appraisals of agricultural land and are implemented by subchapters C and D of chapter 23 of the Tax Code, respectively. Sections 1-d and 1-d-1, and the Tax Code provisions adopted thereunder, differ in their scope and procedures. Letter Opinion No. 95-054 (1995) at 1, n. 1; *see generally* Attorney General Opinion JM-949 (1988). Under section 1-d of article VIII, the rollback tax is triggered by diversion of the land to a nonagricultural purpose or a sale of the land. The amount of the rollback tax imposed under that section equals the difference between taxes paid and the amount that would have been payable for the preceding three years if the land had not been specially appraised. Tex. Const. art. VIII, § 1-d(f); *see also* Tax Code § 23.46(c). Under section 1-d-1 and Tax Code section 23.55, however, a rollback is triggered only by a change in use of land designated for agricultural use. Tex. Const. art. VIII, § 1-d-1; Tax Code § 23.55(a). The amount of the tax imposed by section 23.55(a) equals the difference between the taxes imposed for the preceding five years and the tax that would have been imposed had the land been appraised at market value for the period. Tax Code § 23.55(a). Nearly all the eligible land in Texas qualifies for the agricultural use designation under section 1-d-1 of article VIII, and subchapter D, chapter 23 of the Tax Code. *See* AG MANUAL, *supra* note 2, at 2 (95 percent or more of eligible land in Texas qualifies under section 1-d-1).

[6]*See* Act of August 8, 1978, 65th Leg., 2d C.S., H.J.R. 1, 1978 Tex. Gen. Laws 54, 54.

[7]Sections 1-d and 1-d-1 of article VIII of the Texas Constitution differ in that 1-d is self-enacting while section 1-d-1 is a grant of legislative authority and requires legislation to implement its provisions. Attorney General Opinion JM-949 (1988) at 2.

[8]*See* Act of May 28, 1979, 66th Leg., R.S., ch. 302, § 1, 1979 Tex. Gen. Laws 680, 682-83.

the land changes from an agricultural use to a nonagricultural use. *Resolution Trust Corp.*, 926 S.W.2d at 800. Accordingly, cessation of agricultural use constitutes a change of use which triggers the rollback tax under section 23.55(a) of the Tax Code. *Id.* Section 23.55(f) of the Tax Code, additionally, provides that "[t]he sanctions provided by [section 23.55(a)] do not apply if the change of use occurs as a result of a sale for right-of-way or a condemnation." Neither section 1-d-1 of the Texas Constitution nor section 23.55 of the Tax Code provide any exceptions to the rollback provisions other than those with respect to land acquired by condemnation or purchased for right-of-way.[9]

We begin by noting that insofar as property owned by the state is concerned, exemption from taxation is the general rule and not the exception. Attorney General Opinion O-1861 (1940) at 5. As explained in Attorney General Opinion O-1861:

> The object of taxation is to produce the revenues with which to conduct the business of the state; it is entirely inconsistent with our theory of government for the property of the state to be taxed, in order to produce the money to be expended by the state.
>
> The purpose of taxation being only for the raising of money with which to carry on the governmental functions, to tax the property of the state would only amount to taking money out of one pocket and putting it in another.

*Id.* at 4 (citations omitted). Before state property may be subjected to any form of taxation, the legislative intent to tax must be demonstrated either by express enactment or clear implication of the law. *Id.* at 5.

Article VIII, section 1(b) of the Texas Constitution declares all real property and tangible personal property to be taxable in proportion to its value unless the property is exempt as the constitution permits or requires. Attorney General Opinion DM-383 (1996) at 2. Article VIII, section 2 provides in relevant part that "the legislature may, by general laws, exempt from taxation public property used for public purposes."[10] Pursuant to article VIII, section 2, the legislature enacted the predecessor to section 11.11(a) of the Tax Code governing the taxation of public property. *Id.* Section 11.11(a) of the Tax Code states that "[e]xcept as provided by Subsections (b)

---

[9]We understand that the land at issue is approximately 17,000 acres, composed of 2300 separate parcels. It is unclear whether all the land was acquired by condemnation or if any of the parcels were purchased for right-of-way. *See also infra* note 13.

[10]Article XI, section 9 of the Texas Constitution, exempts "property of counties, cities and towns, owned and held only for public purposes, . . . and all other property devoted exclusively to the use and benefit of the public . . . from taxation . . . ." This section is self-executing. Since this last clause has not been construed to apply to property owned by the state, we need not examine this provision. *See* Attorney General Opinions JM-1085 (1989) at 3 n.1, JM-1049 (1989) at 2 n.1.

and (c)[11] of this section, property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes." Thus, as a general matter, by express legislative enactment, land owned by the state and used for public purposes is not subject to taxation. Accordingly, state-owned land used for public purposes[12] is subject to taxation only if provided for by another law. *See, e.g., Lubbock Indep. Sch. Dist. v. Owens*, 217 S.W.2d 186, 189 (Tex. Civ. App.--Amarillo 1948, writ ref'd n.r.e.) ("There is no statute warranting a fixing of a lien against the land for taxes during the time it was held by the State. The contention that taxes accrued against the property while held by a taxing unit has been rejected by the courts of this state.").

We proceed to consider whether the agricultural use provisions provide for the taxation of state property exempted by section 11.11(a) of the Tax Code. Neither article VIII, section 1-d-1 of the Texas Constitution nor section 23.55 of the Tax Code expressly provide for imposition of the rollback tax on state-owned land. *See* Tex. Const. art. VIII, § 1-d-1; Tax Code § 23.55. It is also true that neither expressly exempts governmentally owned land.[13] We do not believe, however, that the failure to specifically exempt such property is significant, or can reasonably be read to imply an intent to tax state-owned property exempted by section 11.11(a). First, we think it unlikely that the state, if it chose to tax itself, would do so by other than express enactment. *See Owens*, 217 S.W.2d at 189 (need statutory authority to fix tax lien against state property); Attorney General Opinion O-1861 (1940) at 5 (state has never held itself subject to taxation except by special enactment). Secondly, a specific exemption for state-owned property is unnecessary. A statute is presumed to have been enacted by the legislature with complete knowledge of and with reference to the existing law.[14] *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); *McBride v. Clayton*, 140 Tex. 71, 166 S.W.2d 125, 128 (Tex. 1942). Furthermore, statutory repeal by implication is not favored by the law. *Acker*, 790 S.W.2d at 301; *Gordon v. Lake*, 356 S.W.2d 138, 139 (Tex. 1962); *see also Eppenauer v. Eppenauer*, 831 S.W.2d 30, 34 (Tex. App.--El Paso 1992, no writ) (repeal by implication will not be declared unless there is no room for doubt and repeal not favored by law). Thus, a statute covering the same subject dealt with by the preexisting law but not

---

[11]Subsection (b) of section 11.11 subjects land owned by the Permanent University Fund to county taxes. Tax Code § 11.11(b). Subsection (c) of section 11.11 provides that agricultural land owned by a county for the benefit of public schools under article VII, section 6, of the Texas Constitution, is taxable for all purposes. *Id.* § 11.11(c).

[12]We do not know the uses made of the parcels of land at issue. For the purposes of this opinion, we assume, without considering, that the land in question "is used for public purposes," since the question immediately before us is whether, as a general matter, state-owned land is subject to the rollback tax.

[13]The exemption provided for change of use resulting from condemnation of land does not nor do we believe is intended to deal with (or circumscribe) the application of the rollback tax on governmentally owned land. There are clearly a number of nongovernmental entities, such as utility, railroad, or tramway companies, that have condemnation authority. *See generally* 32 TEX. JUR. 3D *Eminent Domain* §§ 63-80 (1981) (special purpose enterprises, railroad corporations, interurban electric railways, industrical railroads, tramways, individuals and associations).

[14]The predecessor to section 11.11(a) of the Tax Code has existed since 1943. *See* Act of May 5, 1943, 48th Leg., R.S., ch. 316, § 1, 1943 Tex. Gen. Laws 472, 473.

repealing that law is required to be harmonized with the older law in such a way as to give effect to both statutes. *Acker*, 790 S.W.2d at 301; *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex. 1964); *Conley v. Daughters of the Republic*, 156 S.W. 197, 201 (Tex. 1913). Section 23.55 can be easily harmonized with section 11.11(a) of the Tax Code by exempting state-owned property used for public purposes from the operation of the rollback tax provisions. Such coordination preserves both the purpose of section 23.55 to recapture property taxes and penalize taking land out of agricultural use, and the objective of section 11.11(a) to exempt publicly owned property used for public purposes. *See Acker*, 790 S.W.2d at 301; Gov't Code § 311.021(3) (in enacting statute, it is presumed that just and reasonable result is intended). We, therefore, conclude that state-owned land exempt under section 11.11(a) of the Tax Code is not subject to the rollback tax provisions of section 23.55 of the Tax Code.[15]

No Texas court appears to have directly addressed the application of the rollback tax provisions to acquisition and change of use of agricultural land by the state or one of its political subdivisions.[16] The State Property Tax Board (the "board"),[17] the agency charged with enforcing the agricultural use provisions has, however, adopted the position that governmental acquisition and subsequent change of use of agricultural land triggers the rollback provisions of section 23.55 of the Tax Code. Pursuant to the authority granted under section 23.52(d) of the Tax Code,[18] the board promulgated rules with respect to appraisal of agricultural land under article VIII, section 1-d-1. These rules are contained in the *Manual For The Appraisal of Agricultural Land* (the "manual"),

---

[15]We note that the legislature has passed Senate Bill 728, amending section 23.55(a), effective as of September 1, 1997, to expressly provide that "[f]or the purposes of this subsection, the chief appraiser may not consider any period during which land is owned by the state in determining whether a change in the use of the land has occurred." *See* S.B. 728, Act of May 14, 1997, 75th Leg., R.S. (eff. Sept. 1, 1997).

[16]The Dallas Court of Appeals in *Resolution Trust Corporation* determined that the "rollback tax is a penalty, and not merely a tax on real estate" that could not be enforced against the Resolution Trust Company ("RTC"), an instrumentality of the United States. *Resolution Trust Corp.*, 926 S.W.2d at 805. The court held that assessment of the rollback tax against the RTC was barred based on sovereign immunity. *Id.* at 798, 805 (construing 12 U.S.C. § 1441a(g)).

[17]In 1991, the State Property Tax Board was abolished and its duties and functions transferred to the Comptroller of Public Accounts. *See* Act of August 25, 1991, 72d Leg., 2d C.S., ch. 6, §§ 24, 67, 68, 1991 Tex. Gen. Laws 26, 31, 41.

[18]*See id.*

published in 1990.[19] With respect to the application of the rollback tax provision, the manual states the following:

> Exemptions that apply to ordinary property taxes do not apply to rollback taxes. Even if the land might be exempt from ordinary taxes in the new owner's hands, the rollback tax still becomes due if that owner takes property out of agricultural use. In most cases, the owner will be personally liable for the rollback tax, and the tax lien can be enforced against the property. *Where the state or a political subdivision buys the land and changes the use, the rollback tax will be triggered* but the lien cannot be foreclosed. The tax can't be collected unless the governmental entity chooses to pay it. However, the lien against the land continues and could be enforced against a later buyer.

AG MANUAL, *supra* note 2, at 35 (Does the Rollback Tax Apply to Land Bought and Changed by an Exempt Organization or Government Entity?) (emphasis added).

Construction of the agricultural use statutes by the board is entitled to serious consideration, but only as long as such construction is reasonable and does not contradict the plain language of the statute. *See, e.g., Tarrant County Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993); *Stanford v. Butler*, 181 S.W.2d 269, 273 (Tex. 1944). A construction that imposes additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory provisions will not be upheld. *See Riess v. Williamson County Appraisal Dist.*, 735 S.W.2d 633, 637-38 (Tex. App.--Austin 1987, writ denied) (board rule requiring "intensity of use" as part of historical agricultural use inconsistent with Tax Code § 23.51). Based on our discussion of section 23.55 above, we believe the board's construction is neither reasonable nor consistent with the statute. The board's construction imposes the burden of taxation on the state and its political subdivisions when no such imposition is required by either the express language of, or clear implication in, the statute. *See Riess*, 735 S.W.2d at 637-38; *Moore*, 845 S.W.2d at 823. There appears to be nothing in the legislative history of article VIII, section 1-d-1 of the Texas Constitution, or of section 23.55 of the Tax Code, indicating that the rollback tax was intended to apply to governmentally owned land that was otherwise exempt from property taxes. The board's construction necessarily repeals by implication section 11.11(a) of the Tax Code without attempting to reconcile section 23.55 with the older provision even when there is no manifest inconsistency between the two provisions. *See Acker*, 790 S.W.2d at 301; *Eppenauer*, 831 S.W. 2d at 34 (presume that legislature desired just and reasonable result and contemplated effect of statutes which are, on their face, conflicting, and both will be given effect unless manifestly inconsistent). Moreover, the board's construction is internally contradictory in that it posits that the governmentally owned land is subject to the tax because the

---

[19]All rules and procedures adopted by the board and in effect on September 1, 1991, remained in effect as if adopted by the Comptroller of Public Accounts until amended, repealed, withdrawn, or otherwise superseded by the comptroller. *Id.* § 67(c). The comptroller to date has not amended, repealed, withdrawn, or otherwise superseded the 1990 manual. *See* 34 T.A.C. § 9.4001.

section 11.11(a) or similar exemption does not apply, but the tax cannot be enforced or collected from the governmental entity, presumably because of the exemption provided in section 11.11(a) or another provision.[20] The result of such construction, that the rollback tax is intended to be imposed on land owned by, but never collected from, governmental entities, is neither reasonable nor feasible of execution. *See* Gov't Code §§ 311.021(3) (in enacting statute, presume just and reasonable result intended), (4) (presume result feasible of execution intended), .023(5) (in construing statute, court may consider consequence of particular construction). We, therefore, decline to adopt the board's construction of section 23.55, with respect to the application of the rollback tax provision to state-owned property.

Unrelated to the rollback tax provision, you also ask whether "government ownership suspend[s] the 'five out of seven years' agricultural use requirement for qualification for the special agricultural valuation" and "may the appraisal district consider only the last seven years of use in private ownership when determining whether a parcel is qualified for the special valuation."[21]

Article VIII, section 1-d-1 of the constitution authorizes the legislature to provide by general law for taxation of "open-space land devoted to farm, ranch, or wildlife management purposes on the basis of its productive capacity" and "eligibility limitations." Section 23.51(1) defines "qualified open-space land" as

> land that is currently devoted principally to agricultural use to the degree of intensity generally accepted in the area and that has been devoted principally to agricultural use or to production of timber or forest products for *five of the preceding seven years* or land that is used principally as an ecological laboratory by a public or private college or university.

---

[20]This position is apparently based on Attorney General Opinion JM-1085. That opinion dealt with land acquired by the Veterans Land Board subject to liens created by the previous owner's failure to pay property taxes. The opinion concluded that taxes may not be imposed on land comprising the Veteran's Land Fund based on either article III, section 49-b of the Texas Constitution or section 11.11(a) of the Tax Code. Attorney General Opinion JM-1085 (1989) at 5-9. The lien securing the taxes owed by the previous owner, however, remained in force while the property was owned by the Veterans' Land Board, but the lien was unenforceable against the state. *Id.* at 17. Attorney General Opinion JM-1085 and the cases cited therein for the last conclusion would appear to be inapposite to the rollback tax lien: they involve the usual property taxes from which the governmental entity in question is exempt under section 11.11(a) of the Tax Code or another provision, so no taxes accrued while the property was held by the governmental entity; any lien for delinquent taxes that continued when the governmental entity acquired the property but could not be enforced against the governmental entity did not attach while the property was held by or because of action of the governmental entity. *See e.g., State v. City of San Antonio,* 209 S.W.2d 756, 757 (Tex. 1948); *Childress County v. State,* 92 S.W.2d 1011, 1016 (Tex.1936); *Maverick County Water Control & Improvement Dist. No. 1 v. State,* 456 S.W.2d 204 (Tex. Civ. App.--San Antonio 1970, writ ref'd); *State v. Bexar-Medina-Atascosa Counties Water Improvement Dist.,* 310 S.W.2d 641, 643 (Tex. Civ. App.--San Antonio, 1958, writ ref'd); *Owens,* 217 S.W.2d at 188.

[21]Given our conclusion that state-owned land used for public purposes is not subject to the rollback tax, we need not address your remaining questions relating to the operation of the rollback tax.

Tax Code § 23.51(1) (emphasis added). Section 23.51(2) additionally defines at length the activities that may constitute "agricultural use."

We assume your questions arise in anticipation of sale of the state-owned land to persons who may want the land to qualify for agricultural designation. You do not provide any particular factual context for your questions nor any support for the suggestion that intervening governmental ownership may be disregarded.[22] Your questions assume that in all cases the intervening state ownership resulted in nonagricultural use of the land for the total period of the ownership, which may not necessarily be the case. Also relevant to analysis of the matter may be the period the use was changed during the time the land was governmentally owned. In the absence of a specific factual context, and development or briefing of the issues, we decline to address this matter.

### S U M M A R Y

State-owned land used for public purposes is not subject to the rollback tax under section 23.55 of the Tax Code.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Sheela Rai
Assistant Attorney General

---

[22]You also indicate, however, that the General Land Office does not have a position on this issue. We note in regard to this matter, that Senate Bill 728, amending Tax Code section 23.55(a), appears to allow the chief appraiser to disregard state ownership only for the purposes of that subsection in determining if change of use of the land has occurred. *See supra* note 15.