**In re Mike ORSAGH.**

**No. 11–04–00063–CV.**

Court of Appeals of Texas, Eastland.

Nov. 10, 2004.

William G. Thompson, Breckenridge, for relator.

Frank D. McCown, Arlington, Donald R. Campbell Jr., Donald R. Campbell, Inc., Fort Worth, Landon Thompson, Cisco,

Robert McCleskey, Eastland, for respondents.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

W.G. ARNOT, III, Chief Justice.

This is an original mandamus proceeding in which the relator challenges a district court's jurisdiction to hear a contested probate matter transferred from a constitutional county court. The transfer occurred when the county judge executed an order under the provisions of TEX. PROB. CODE ANN. § 5(b) (Vernon Supp.2004–2005). The county judge executed the transfer order as a result of his disqualification under TEX. CONST. art. V, § 11. The relator, Mike Orsagh, attacks the mechanism used by the county judge to overcome the disqualification. We will conditionally grant a writ of mandamus.

Dean Tindall filed an application to probate the last will and testament of Daphane Tindall Woods in the County Court of Eastland County in April 1998.[1] Hon. Brad Stephenson, the current County Judge of Eastland County, filed the application on Tindall's behalf as Tindall's attorney. Judge Stephenson subsequently took office as county judge on January 1, 1999. The probate proceeding became contested after Judge Stephenson took office. There is no dispute that Judge Stephenson's prior service as counsel in the case rendered him "constitutionally disqualified" under Article V, section 11 to preside over the probate matter.

Judge Stephenson executed an order entitled "Order Transferring Contested Matter to District Court" on August 30, 1999. The order cited Section 5(b) as the basis for the transfer. Pursuant to the transfer order, the entire probate proceeding was transferred to the 91st District Court. The district court entered several orders in the probate proceeding over the course of three years. These orders included an agreed judgment which partitioned the assets of the estate among the decedent's devisees.

Orsagh is a debtor and creditor of the estate. The estate has asserted a claim against Orsagh for unpaid rent. Orsagh's claims against the estate arise from his care of livestock belonging to the decedent and the estate. Orsagh asserts that Judge Stephenson lacked authority to transfer the probate case to the district court in light of his disqualification under the constitution. Orsagh seeks an order which nullifies all orders entered by the district court and remands the probate case to the county court.[2]

The agreed judgment which partitioned the assets of the estate awarded the estate's claim against Orsagh to Dorothy Horn, a devisee of the decedent's estate and a party to the contested probate proceeding. Horn subsequently filed a sepa-

---

1. We take judicial notice that there is no legislatively established statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court in Eastland County. See TEX. GOV'T CODE ANN. § 26.167 (Vernon 2004); TEX. PROB. CODE ANN. § 5(b) (Vernon Supp. 2004—2005).

2. In addition to the transfer order, Orsagh specifically seeks to set aside five orders entered by the district court, including: (1) an order appointing a successor administrator entered on October 23, 2000; (2) an order for sale of livestock entered on December 4, 2000; (3) the agreed judgment entered on December 13, 2001; (4) an order denying Orsagh's motion to remand the probate proceeding to the county court entered on August 23, 2002; and (5) an order denying Orsagh's motion to reconsider entered on February 17, 2004.

rate lawsuit against Orsagh to collect the estate's claim which she received by partition. Orsagh sought to offset Horn's claim for rent with his claim against the estate. Orsagh named Horn, Tindall, and Robert A. McCleskey as defendants to his offset claim against the estate.[3] Horn and Tindall successfully obtained a summary judgment against Orsagh's offset claim based upon the agreed judgment which effectuated a partition of the estate's assets. *See* TEX. PROB. CODE ANN. § 318 (Vernon 2003).[4] Orsagh seeks to set aside the agreed judgment in an effort to restore the viability of his offset claim against the estate.

 Article V, section 11 provides:

No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case.

The fact that Judge Stephenson is disqualified under the constitution is significant. An order or judgment rendered by a constitutionally disqualified judge is void. *See In re Union Pacific Resources Company,* 969 S.W.2d 427, 428 (Tex.1998)(orig.proceeding). Furthermore, disqualification on constitutional grounds cannot be waived and may be raised even after the judgment is beyond appeal in a collateral attack. *Fry v. Tucker,* 146 Tex. 18, 202 S.W.2d 218, 221–22 (1947); *In re Gonzalez,* 115 S.W.3d 36, 39 (Tex.App.-San Antonio 2003, orig. proceeding); *Zarate v. Sun Operating, Limited, Inc.,* 40 S.W.3d 617, 621 (Tex.App.-San Antonio 2001, pet'n den'd).

Mandamus will issue to correct a void order of a trial court. *Urbish v. 127th Judicial District Court,* 708 S.W.2d 429, 431 (Tex.1986); *In re Gonzalez, supra* at 39. If an order challenged by writ of mandamus is void, the relator need not show that he or she lacks an adequate appellate remedy. *In re Southwestern Bell Telephone Company,* 35 S.W.3d 602, 605 (Tex.2000); *In re Gonzalez, supra* at 39.

TEX. CONST. art. V, § 16 addresses the methods to be used by a disqualified constitutional county judge to overcome his or her disqualification. This section provides:

When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law.

Accordingly, the constitution provides two alternatives for dealing with the disqualification of a constitutional county judge. The first method is the selection of a mutually agreeable substitute judge by the parties. The second method entails the selection of a substitute judge "in such manner as may be prescribed by law." Since the parties did not select a substitute judge by mutual agreement, the critical inquiry in this proceeding is whether the transfer of the probate proceeding to the district court under Section 5(b) constituted a "manner as may be prescribed by law" for resolving Judge Stephenson's disqualification.

---

3. Robert A. McCleskey is an attorney appointed by the district court as the successor administrator of the estate to replace Tindall.

4. Section 318 provides that "[n]o claim for money against the estate of a decedent shall be allowed by a personal representative and no suit shall be instituted against the representative on any such claim, after an order for final partition and distribution has been made."

Section 5(b) provides a mechanism for a constitutional county judge to transfer the contested portion of a probate matter to either another judge or another court. Section 5(b)(1) permits the constitutional county judge to request the assignment of a statutory probate court judge to hear the contested portion of the proceeding.[5] Section 5(b)(2) permits the constitutional county judge to transfer the contested portion of the proceeding to a district court.

In *Gonzalez*, the San Antonio Court of Appeals recently addressed a transfer under Section 5(b) by a constitutionally disqualified county judge to a district court. The constitutional county judge in *Gonzalez* executed two orders in an effort to resolve his disqualification. *In re Gonzalez, supra* at 37. In the first order, the constitutional county judge appointed a substitute judge which the parties had mutually agreed upon to serve in the case. *In re Gonzalez, supra* at 38. After the substitute judge tried the case but prior to the entry of a final judgment, the disqualified constitutional county judge executed an order under Section 5(b) transferring the case to a district court. *In re Gonzalez, supra* at 38.

The court in *Gonzalez* considered the authority of the constitutional county judge to execute each of the orders. The court determined that the judge was permitted to execute the first order appointing the substitute judge which the parties agreed upon as permitted by Article V, section 16. *In re Gonzalez, supra* at 40. The court concluded that the judge's assignment of a judge agreed upon by the parties as authorized by the constitution did not involve the exercise of judicial dis-

cretion. *In re Gonzalez, supra* at 40. However, the court invalidated the subsequent order attempting to transfer the case to the district court under Section 5(b). *In re Gonzalez, supra* at 41–42. The court determined that the judge's execution of the transfer order under Section 5(b) was void because it involved the exercise of judicial discretion. *In re Gonzalez, supra* at 41–42.

■ We agree with the San Antonio Court of Appeals's conclusion that the execution of a transfer order under Section 5(b) constitutes the exercise of judicial discretion. The exercise of discretion is most apparent in this proceeding when one considers that Judge Stephenson exercised a choice between requesting the assignment of a statutory probate court judge or transferring the contested portion to a district court under Section 5(b)(1) & (b)(2). Since the discretionary acts of a constitutionally disqualified judge are void, Judge Stephenson did not have authority to transfer the probate proceeding to the district court.

■ Furthermore, it does not appear that a transfer of a probate case to a district court is a "manner as may be prescribed by law" as required by Article V, section 16. TEX. GOV'T CODE ANN. § 26.012 (Vernon 2004) specifically addresses instances wherein a constitutional county judge is disqualified in a probate matter.[6] At the time that Judge Stephenson executed the transfer order, Section 26.012 provided in relevant part as follows:

Disqualification in Probate Matters. (a) If the county judge is disqualified to

---

**5.** The Texas Legislature recently enacted a non-substantive revision of Section 5(b) which reorganized the section. Citations to the current format of the section have been used for clarity.

**6.** TEX. GOV'T CODE ANN. § 26.011 (Vernon 2004) contains a separate provision dealing with a constitutional county judge's disqualification in criminal and non-probate civil cases.

act in a probate matter, the judge shall immediately certify the disqualification to the governor and the governor shall appoint a person to act as special judge in the case. The special judge shall act from term to term until the disqualification ends.[7]

Courts generally construe the word "shall" in a statute as mandatory unless legislative intent sug-gests otherwise. *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex. 1999). Therefore, it would appear that, absent the selection of a mutually agreed-upon visiting judge under Article V, section 16, Judge Stephenson was subject to a mandatory, statutory requirement to certify his disqualification to the governor for the appointment of a substitute judge.

Moreover, the transfer of a probate case to a district court under Section 5(b) does not appear to be a practical method for resolving a constitutional county judge's disqualification. Under Section 5(b–4), the constitutional county court is required to continue exercising jurisdiction over the management of the estate with the exception of the contested matter which has been transferred to the district court. Section 5(b–3) requires the district court to transfer the probate matter back to the constitutional county court whenever the contested matter is resolved. The constitutional county court's retention of jurisdiction over the uncontested portion of a probate proceeding is simply not feasible when the county judge is disqualified from presiding over the case.

The real parties in interest argue that the district court possessed concurrent, original jurisdiction with the constitutional county court to enter the various orders entered by the district court. They cite *Eppenauer v. Eppenauer,* 831 S.W.2d 30 (Tex.App.-El Paso 1992, no writ), in support of this proposition. Relying upon the text of TEX. PROB. CODE ANN. § 149C (Vernon 2003), the El Paso Court of Appeals held that a district court had original jurisdiction to consider a suit to remove an independent executor which was initially filed in the district court. *Eppenauer v. Eppenauer, supra* at 33.[8] The court noted in reaching its holding that Section 149C provided a narrow exception to the general rule that original probate jurisdiction lies in the county courts.[9]

Relying upon *Eppenauer,* the real parties in interest contend that the district court had jurisdiction to enter orders in this probate proceeding because a motion to remove the independent executor had been filed. We conclude that the holding in *Eppenauer* is distinguishable on two bases. First, the party seeking to remove the independent executor in *Eppenauer* initiated the claim for removal of the independent executor in the district court. In this proceeding, the claim for removing the independent executor was initiated in the

---

7. Section 26.012 was amended on September 1, 1999. The enacting language of the amendment provides that an assignment or selection of a judge made before the effective date of the amendment is governed by the law in effect at the time the assignment or selection was made. Section 26.012 now provides that the presiding judge of the statutory probate court will assign a visiting judge whenever the constitutional county judge is absent, incapacitated, or disqualified in a probate proceeding. See TEX. GOV'T CODE ANN. § 25.0022(h) (Vernon 2004).

8. At the time Eppenauer was decided, Section 149C specifically provided that a district court could hear a suit to remove an independent executor. Section 149C has since been amended to provide that a suit to remove an independent executor is to be filed in the "county court" as that term is defined in TEX. PROB. CODE ANN. § 3 (Vernon 2003).

9. See Op. Tex. Att'y Gen. No. JM–1244 (1990) for a discussion of a district court's lack of original jurisdiction to hear probate matters.

constitutional county court and then trans- ferred to the district court in an order which we have determined that the county judge was without jurisdiction to enter. Second, the orders entered by the district court in this proceeding addressed matters other than just the removal of the indepen- dent executor.

Orsagh's request for a writ of manda- mus invalidating the orders entered by the district court is conditionally granted. In the event that the district court does not withdraw its orders and remand the case to the constitutional county court by De- cember 1, 2004, a writ of mandamus will issue.