11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

In re
Mike Orsagh

No.  11-04-00063-CV --
Original Mandamus Proceeding

 

This is an original mandamus proceeding in which
the relator challenges a district court=s
jurisdiction to hear a contested probate matter transferred from a
constitutional county court.   The
transfer occurred when the county judge executed an order under the provisions
of TEX. PROB. CODE ANN. '
5(b) (Vernon Supp. 2004 - 2005).  The
county judge executed the transfer order as a result of his disqualification
under TEX. CONST. art. V, '
11.   The relator, Mike Orsagh, attacks
the mechanism used by the county judge to overcome the disqualification.  We will conditionally grant a writ of
mandamus.

Dean Tindall filed an application to probate the
last will and testament of Daphane Tindall Woods in the County Court of
Eastland County in April 1998.[1]  Hon. Brad Stephenson, the current County
Judge of Eastland County, filed the application on Tindall=s behalf as Tindall=s attorney. Judge Stephenson
subsequently took office as county judge on January 1, 1999.  The probate proceeding became contested after
Judge Stephenson took office.  There is
no dispute that Judge Stephenson=s
prior service as counsel in the case rendered him Aconstitutionally
disqualified@ under
Article V, section 11 to preside over the probate matter.

Judge Stephenson executed an order entitled AOrder Transferring Contested Matter to
District Court@ on
August 30, 1999.  The order cited Section
5(b) as the basis for the transfer. 
Pursuant to the transfer order, the entire probate proceeding was
transferred to the 91st District Court. 
The district court entered several orders in the probate proceeding over
the course of three years.  These orders
included an agreed judgment which partitioned the assets of the estate among
the decedent=s
devisees.








Orsagh is a debtor and creditor of the
estate.  The estate has asserted a claim
against Orsagh for unpaid rent.  Orsagh=s claims against the estate arise from
his care of livestock belonging to the decedent and the estate.  Orsagh asserts that Judge Stephenson lacked
authority to transfer the probate case to the district court in light of his
disqualification under the constitution. 
Orsagh seeks an order which nullifies all orders entered by the district
court and remands the probate case to the county court.[2]

The agreed judgment which partitioned the assets
of the estate awarded the estate=s
claim against Orsagh to Dorothy Horn, a devisee of the decedent=s estate and a party to the contested
probate proceeding.  Horn subsequently
filed a separate lawsuit against Orsagh to collect the estate=s claim which she received by
partition.  Orsagh sought to offset Horn=s claim for rent with his claim against
the estate.  Orsagh named Horn, Tindall,
and Robert A. McCleskey as defendants to his offset claim against the estate.[3]  Horn and Tindall successfully obtained a
summary judgment against Orsagh=s
offset claim based upon the agreed judgment which effectuated a partition of
the estate=s
assets.  See TEX. PROB. CODE ANN. ' 318 (Vernon 2003).[4]  Orsagh seeks to set aside the agreed judgment
in an effort to restore the viability of his offset claim against the estate.

Article V, section 11 provides: 

No judge shall sit in any case wherein the judge
may be interested, or where either of the parties may be connected with the
judge, either by affinity or consanguinity, within such a degree as may be
prescribed by law, or when the judge shall have been counsel in the case. 

 








The fact that Judge Stephenson is disqualified under the
constitution is significant.   An order
or judgment rendered by a constitutionally disqualified judge is void.  See In re Union Pacific Re-sources
Company, 969 S.W.2d 427, 428 (Tex.1998)(orig. proceeding).  Furthermore, disqualification on
constitutional grounds cannot be waived and may be raised even after the
judgment is beyond appeal in a collateral attack.  Fry v. Tucker, 202 S.W.2d 218, 221‑22
(Tex.1947); In re Gonzalez, 115 S.W.3d 36, 39 (Tex.App. ‑ San
Antonio 2003, orig. proceeding); Zarate v. Sun Operating, Limited, Inc.,
40 S.W.3d 617, 621 (Tex.App. ‑ San Antonio 2001, pet=n den=d).  Mandamus will issue to correct a void order
of a trial court.   Urbish v. 127th
Judicial District Court, 708 S.W.2d 429, 431 (Tex.1986); In re Gonzalez,
supra at 39.   If an order
challenged by writ of mandamus is void, the relator need not show that he or
she lacks an adequate appellate remedy.  In
re Southwestern Bell Telephone Company, 35 S.W.3d 602, 605 (Tex.2000); In
re Gonzalez, supra at 39.

TEX. CONST. art. V, '
16 addresses the methods to be used by a 
disqualified constitutional county judge to overcome his or her
disqualification.  This section provides:

When the judge of the County Court is disqualified
in any case pending in the County Court the parties  interested may, by consent, appoint a proper
person to try said case, or upon their failing to do so a competent person may
be appointed to try the same in the county where it is pending in such manner
as may be prescribed by law.

 

Accordingly, the constitution provides two alternatives for
dealing with the disqualification of a constitutional county judge.  The first method is the selection of a
mutually agreeable substitute  judge by
the parties.  The second method entails
the selection of a substitute judge Ain
such manner as may be prescribed by law.@  Since the parties did not select a substitute
judge by mutual agreement, the critical inquiry in this proceeding is whether
the transfer of the probate proceeding to the district court under Section 5(b)
constituted a Amanner as
may be prescribed by law@
for resolving Judge Stephenson=s
disqualification.

Section 5(b) provides a mechanism for a
constitutional county judge to transfer the contested portion of a probate
matter to either another judge or another court.  Section 5(b)(1) permits the constitutional
county judge to request the assignment of a statutory probate court judge to
hear the contested portion of the proceeding.[5]  Section 5(b)(2) permits the constitutional
county judge to transfer the contested portion of the proceeding to a district
court.








In Gonzalez, the San Antonio Court of
Appeals recently addressed a transfer under Section 5(b) by a constitutionally
disqualified county judge to a district court. 
The constitutional county judge in Gonzalez executed two orders
in an effort to resolve his disqualification. 
In re Gonzalez, supra at 37. 
In the first order, the constitutional county judge appointed a
substitute judge which the parties had mutually agreed upon to serve in the
case.  In re Gonzalez, supra at
38.  After the substitute judge tried the
case but prior to the entry of a final judgment, the disqualified
constitutional county judge executed an order under Section 5(b) transferring
the case to a district court.  In re
Gonzalez, supra at 38.

The court in Gonzalez considered the
authority of the constitutional county judge to execute each of the
orders.  The court determined that the
judge was permitted to execute the first order appointing the substitute judge
which the parties agreed upon as permitted by Article V, section 16. In re
Gonzalez, supra at 40.  The court
concluded that the judge=s
assignment of a judge agreed upon by the parties as authorized by the
constitution did not involve the exercise of judicial discretion.  In re Gonzalez, supra at 40.  However, the court invalidated the subsequent
order attempting to transfer the case to the district court under Section
5(b).  In re Gonzalez, supra at
41-42.  The court determined that the
judge=s
execution of the transfer order under Section 5(b) was void because it involved
the exercise of judicial discretion.  In
re Gonzalez, supra at 41-42.

We agree with the San Antonio Court of Appeals=s conclusion that the execution of a
transfer order under Section 5(b) constitutes the exercise of judicial
discretion.  The exercise of discretion
is most apparent in this proceeding when one considers that Judge Stephenson
exercised a choice between requesting the assignment of a statutory probate
court judge or transferring the contested portion to a district court under
Section 5(b)(1) & (b)(2).  Since the
discretionary acts of a constitutionally disqualified judge are void, Judge
Stephenson did not have authority to transfer the probate proceeding to the
district court.








Furthermore, it does not appear that a transfer of
a probate case to a district court is a Amanner
as may be prescribed by law@
as required by Article V, section 16.  
TEX. GOV=T CODE
ANN. ' 26.012
(Vernon 2004) specifically addresses instances wherein a constitutional county
judge is disqualified in a probate matter.[6]  At the time that Judge Stephenson executed
the transfer order, Section 26.012 provided in relevant part as follows:

Disqualification in Probate Matters.  (a) If the county judge is disqualified to
act in a probate matter, the judge shall immediately certify the
disqualification to the governor and the governor shall appoint a person to act
as special judge in the case.  The
special judge shall act from term to term until the disqualification ends.[7]

 

Courts generally construe the word Ashall@ in a statute as mandatory unless
legislative intent sug-gests otherwise. Albertson=s, Inc. v. Sinclair, 984 S.W.2d
958, 961 (Tex.1999).  Therefore, it would
appear that, absent the selection of a mutually agreed-upon visiting judge
under Article V, section 16, Judge Stephenson was subject to a mandatory,
statutory requirement to certify his disqualification to the governor for the
appointment of a substitute judge.

Moreover, the transfer of a probate case to a
district court under Section 5(b) does not appear to be a practical method for
resolving a constitutional county judge=s
disqualification.  Under Section 5(b-4),
the constitutional county court is required to continue exercising jurisdiction
over the management of the estate with the exception of the contested matter
which has been transferred to the district court.  Section 5(b-3) requires the district court to
transfer the probate matter back to the constitutional county court whenever
the contested matter is resolved.   The
constitutional county court=s
retention of jurisdiction over the uncontested portion of a probate proceeding
is simply not feasible when the county judge is disqualified from presiding
over the case.








The real parties in interest argue that the
district court possessed concurrent, original jurisdiction with the
constitutional county court to enter the various orders entered by the district
court.  They cite Eppenauer v.
Eppenauer, 831 S.W.2d 30 (Tex.App. - El Paso 1992, no writ), in support of
this proposition.  Relying upon the text
of TEX. PROB. CODE ANN. '
149C (Vernon 2003), the El Paso Court of Appeals held that a district court had
original jurisdiction to consider a suit to remove an independent executor
which was initially filed in the district court.  Eppenauer v. Eppenauer, supra at 33.[8]  The court noted in reaching its holding that
Section 149C provided a narrow exception to the general rule that original
probate jurisdiction lies in the county courts.[9]

Relying upon Eppenauer,
the real parties in interest contend that the district court had jurisdiction
to enter orders in this probate proceeding because a motion to remove the
independent executor had been filed. We conclude that the holding in Eppenauer
is distinguishable on two bases.  First,
the party seeking to remove the independent executor in Eppenauer
initiated the claim for removal of the independent executor in the district
court.  In this proceeding, the claim for
removing the independent executor was initiated in the constitutional county
court and then transferred to the district court in an order which we have
determined that the county judge was without jurisdiction to enter.  Second, the orders entered by the district
court in this proceeding addressed matters other than just the removal of the
independent executor.

Orsagh=s request for a writ of mandamus
invalidating the orders entered by the district court is conditionally
granted.  In the event that the district
court does not withdraw its orders and remand the case to the constitutional
county court by December 1, 2004, a writ of mandamus will issue.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

November 10, 2004

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]We
take judicial notice that there is no legislatively established statutory
probate court, county court at law, or other statutory court exercising the
jurisdiction of a probate court in Eastland County.  See TEX. GOV=T CODE ANN. ' 26.167
(Vernon 2004); TEX. PROB. CODE ANN. ' 5(b)
(Vernon Supp. 2004 - 2005).  





     [2]In
addition to the transfer order, Orsagh specifically seeks to set aside five
orders entered by the district court, including: (1) an order appointing a
successor administrator entered on October 23, 2000; (2) an order for sale of
livestock entered on December 4, 2000; (3) the agreed judgment entered on
December 13, 2001; (4) an order denying Orsagh=s motion
to remand the probate proceeding to the county court entered on August 23,
2002; and (5) an order denying Orsagh=s motion
to reconsider entered on February 17, 2004.





     [3]Robert
A. McCleskey is an attorney appointed by the district court as the successor
administrator of the estate to replace Tindall.





     [4]Section
318 provides that A[n]o claim for money against the estate of a decedent
shall be allowed by a personal representative and no suit shall be instituted
against the representative on any such claim, after an order for final
partition and distribution has been made.@





     [5]The
Texas Legislature recently enacted a non-substantive revision of Section 5(b)
which reorganized the section.  Citations
to the current format of the section have been used for clarity.





     [6]TEX.
GOV=T CODE ANN. ' 26.011
(Vernon 2004) contains a separate provision dealing with a constitutional
county judge=s disqualification in criminal and non-probate civil
cases.





     [7]Section
26.012 was amended on September 1, 1999. 
The enacting language of the amendment provides that an assignment or
selection of a judge made before the effective date of the amendment is
governed by the law in effect at the time the assignment or selection was
made.  Section 26.012 now provides that
the presiding judge of the statutory probate court will assign a visiting judge
whenever the constitutional county judge is absent, incapacitated, or
disqualified in a probate proceeding.  See
TEX. GOV=T CODE ANN. '
25.0022(h) (Vernon 2004).





     [8]At
the time Eppenauer was decided, Section 149C specifically provided that
a district court could hear a suit to remove an independent executor.  Section 149C has since been amended to
provide that a suit to remove an independent executor is to be filed in the Acounty court@ as that
term is defined in TEX. PROB. CODE ANN. ' 3
(Vernon 2003).





     [9]See
Op. Tex. Att=y Gen. No. JM-1244 (1990) for a discussion of a
district court=s lack of original jurisdiction to hear probate
matters.