**TEXAS EMPLOYMENT COMMISSION, Relator,**

v.

**The Honorable Micaela ALVAREZ, Presiding Judge of the 139th District Court of Hidalgo County, Texas, Respondent.**

No. 13–95–513–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 18, 1996.

---

**1.** Tex.Code Crim.Proc.Ann. art. 44.01(j) (Vernon Supp.1996).

**2.** Tex.R.App.P. 44(a).

**3.** *See Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982).

Lionel J. Castro, Asst. Attorney General, Austin, for relator.

William J. McCarthy, Oxford, Oxford & Gonzalez, Edinburg, for respondent.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This original mandamus proceeding presents two issues: 1) whether an assigned judge is disqualified by an objection that was not presented to the judge and does not name the judge, and 2) the effect of a sanctions order signed over one year after the assigned judge purported to dispose of the case. Because we hold that the assigned judge was not disqualified from presiding over the case, we conditionally grant a writ of mandamus directing Judge Micaela Alvarez to vacate her sanctions order.

The real party in interest, Maricela Galvan, brought the underlying personal-injury suit against the Texas Employment Commission, relator in this action. In April 1993, this case was set for trial before Visiting Judge Robert F. Barnes, who was to hear cases in the 139th District Court by assignment under chapter 74 of the Texas Government Code. Before the case was called to trial, the TEC filed its "Objection to Visiting Judge." TEC's objection did not specifically name Judge Barnes.[1] Without calling Galvan's case, Judge Barnes announced from the

bench that he would hear only two cases. Because Galvan's case was not one of the two cases, the TEC's "Objection to Visiting Judge" was neither presented to Judge Barnes nor served on opposing counsel. Judge Barnes' appointment as assigned judge subsequently expired.

The case was reset for trial in February 1994. On January 19, 1994, Darrell Hester, Presiding Judge of the Fifth Administrative Judicial Region, appointed Judge Barnes to again hear cases in the 139th District Court. This time, the TEC did not oppose Judge Barnes presiding over the case so it neither reurged its initial "Objection to Visiting Judge" nor filed a new objection. Because neither Judge Barnes nor Galvan were aware of the TEC's initial "Objection to Visiting Judge," the case proceeded to trial before a jury. At the close of Galvan's four-day presentation of evidence, Judge Barnes granted a directed verdict in favor of the TEC and signed a take-nothing judgment.

Two weeks later, Galvan discovered the TEC's "Objection to Visiting Judge" and filed a motion for sanctions against the TEC. More than one year later, Galvan requested that her sanctions motion be set for hearing. The respondent in this proceeding, Judge Alvarez, heard the motion on October 2, 1995. On that same date, Judge Alvarez granted Galvan's motion for sanctions and ordered the TEC to pay $5,000.

We first consider the effect of the TEC's "Objection to Visiting Judge." Section 74.053 of the Government Code, which addresses objections to assigned judges, provides as follows:

(a) When a judge is assigned under this chapter the presiding judge shall, if it is reasonable and practicable and if time permits, give notice of the assignment to each attorney representing a party to the case that is to be heard in whole or part by the assigned judge.

---

1. TEC's "Objection to Visiting Judge" provides, in relevant part, as follows:

   Comes now defendant, Texas Employment Commission and files this its objection to the visiting Judge assigned to the above referenced cause and in support thereof would show as follows:

   I.
   The defendant makes this objection pursuant to the Texas Gov't Code § 74.053, as amended. In accordance with this provision, the defendant respectfully request [sic] that the Honorable Visiting Judge disqualify or recuse himself.

(b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. Except as provided by Subsection (d), each party to the case is only entitled to one objection under this section for that case.

(c) An objection under this section must be filed before the first hearing or trial, including pretrial hearings, over which the assigned judge is to preside.

(d) A former judge or justice who was not a retired judge may not sit in a case if either party objects to the judge or justice.

TEX.GOV'T CODE ANN. § 74.053 (Vernon Supp. 1995).

The combined effect of subsections (b) and (d) is to allow unlimited objections to former judges but to allot each party only a single objection to the assignment of a regular or retired judge. *Garcia v. Employers Ins.*, 856 S.W.2d 507, 509 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Because an objection to a former judge operates differently from an objection to a regular or retired judge, the written objection should name the objectionable judge. *See Amateur Athletic Found. v. Hoffman*, 893 S.W.2d 602, 603–04 (Tex.App.—Dallas 1994, orig. proceeding) (Whittington, J., dissenting).

Under the circumstances of the case underlying this mandamus proceeding, we hold that the failure to specifically name the judge was an omission that rendered the objection ineffective. After the TEC filed its "Objection to Visiting Judge," Judge Barnes' assignment to the 139th District Court expired. The presiding judge of the administrative region had no reason to reassign a judge other than Judge Barnes because the TEC neglected to name the judge who was the subject of its objection. On reassignment, Judge Barnes was not alerted to the fact that he was the subject of an earlier objection because the objection in the file did not refer to him by name. By proceeding to trial without mentioning its initial objection, the TEC passed its final opportunity to apprise Judge Barnes of the fact that an objection had been filed against him.

We agree that the prohibition from hearing a case is mandatory upon a proper objection. *Ramey v. Littlejohn*, 803 S.W.2d 872, 873 (Tex.App.—Corpus Christi 1991, orig. proceeding). Under the circumstances of the underlying case, however, we hold that the TEC's objection was insufficient to trigger the mandatory prohibition. *Cf. Vargas v. State*, 883 S.W.2d 256, 259 (Tex.App.—Corpus Christi 1994, pet. ref'd) (motion that named no judge but sought to recuse "visiting judge" was insufficient to trigger mandatory referral of recusal motion).

The real party in interest argues that objections under section 74.053 need not name the judge and supports this argument with citation to the *Amateur Athletic* case. Although that case approved an objection that did not name the assigned judge, the opinion notes that the judge "overruled the Relator's objection and over the objection proceeded to hear the Real Party In Interest's motion." *Amateur Athletic*, 893 S.W.2d at 602. Clearly, the relator presented its timely-filed objection to the assigned judge and obtained a ruling before the court conducted any hearings. *Id.* at 602–03. These facts show that the assigned judge was presented with sufficient information to know that he was the subject of a timely objection under section 74.053. Accordingly, the *Amateur Athletic* court was not asked to pass on an objection that would have allowed the objecting party to ambush the opposing party and the assigned judge. We believe this significant factor distinguishes the *Amateur Athletic* case from the situation under review.

Because we distinguish the *Amateur Athletic* case based on presentation of the objection, we will address Galvan's contention that presentation of the objection is not necessary. We are aware of cases holding that the timely filing of a section 74.053 objection automatically disqualifies the assigned judge even when that judge does not know of the objection. *E.g., Lewis v. Leftwich*, 775 S.W.2d 848, 849–51 (Tex.App.—Dallas 1989, orig. proceeding). Yet we are also aware of cases holding that the objection must be presented to the assigned judge and ruled upon as a preliminary matter before the assigned judge becomes prohibited from

hearing the case. *Morris v. Short*, 902 S.W.2d 566, 568–69 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *see also Clark v. Yarbrough*, 900 S.W.2d 406, 410 (Tex.App.—Texarkana 1995, writ denied) (allowing oral withdrawal of timely-filed objection). Because the prohibition from hearing a case under section 74.053 is nonconstitutional, we hold that the objection is waivable and must be presented and ruled upon to trigger any mandatory prohibition.

■ The Texas Constitution lists the following grounds for automatic disqualification:

No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such degree as may be prescribed by law, or when he shall have been counsel in the case.

TEX. CONST. art. V, § 11. Disqualification on these constitutional grounds is jurisdictional, cannot be waived, and may be raised for the first time after the judgment is otherwise beyond appeal. *Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218, 221–22 (1947).

■ In contrast, "disqualifications" based on several grounds other than the three express constitutional grounds have been held waivable. *Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex.1984) (after establishing judge is qualified under TEX. CONST. art. V, § 11, further challenge to qualification of judge is subject to procedural requirements of TEX. R.CIV.P. 18b); *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex.1982) (disqualification is waivable under statutory predecessor to TEX. GOV'T CODE ANN. § 74.059(c)(4) (Vernon Supp.1995)); *Gaines v. Gaines*, 677 S.W.2d 727, 730–31 (Tex. App.—Corpus Christi 1984, no writ) (concluding that Texas Constitution presented only nonwaivable grounds for disqualification after considering TEX. CONST. art. V, § 11; TEX.CODE JUD.CONDUCT, Canon 3, pt. C; TEX. R.CIV.P. 18a; and statutory predecessor to TEX. GOV'T CODE ANN. § 74.059(c)(3)). By requiring a motion to effect nonconstitutional disqualifications, the legislature implicitly made those qualifications waivable rather than automatic prerequisites to valid judicial

action. *Buckholts Indep. Sch. Dist.*, 632 S.W.2d at 148.

We must, therefore, consider the section 74.053 objection to an assigned judge in light of this contrast between automatic constitutional disqualifications and "disqualifications" effected by motion. The former version of this objection provision states as follows:

If a party to a civil case files a timely objection to the assignment, the judge *is disqualified to* hear the case.

Act of April 30, 1987, 70th Leg., R.S., ch. 148, § 2.93(a), 1987 Tex.Gen.Laws 579, 585, *amended by* Act of May 2, 1989, 71st Leg., R.S., ch. 270, § 1, 1989 Tex.Gen.Laws 1214 (emphasis added). The italicized language drew the following criticism from the Texas Supreme Court:

I would urge the members of the legislature, should they consider readopting similar legislation, to delete the word "disqualified" from the language of Tex. Gov't Code Sec. 74.053(b). The choice of that word is unfortunate, for it has constitutional implications that were probably unintended. However, the statute does ... read "[i]f a party to a civil case files a timely objection to the assignment, the judge is *disqualified* to hear the case" (emphasis added [by Justice Kilgarlin] ). The legislature is without authority to expand the grounds for disqualification set out in article V, section 11 of the Texas Constitution. Disqualification in a civil case is permissible, and required, in only three situations: whenever the judge: (1) is interested in the outcome of the case; (2) is related to a party by affinity or consanguinity within a proscribed degree; or (3) has acted as counsel in the case.... [N]either this court nor the legislature can create additional grounds for judicial disqualification....

*State v. Preslar*, 751 S.W.2d 477, 482–83 (Tex.1988) (orig. proceeding) (Kilgarlin, J., concurring); *see also id.* at 484 (Gonzalez, J., dissenting) ("the legislature was ill-advised in its choice of the word 'disqualified' ").

■ After the supreme court handed down the *Preslar* opinion, the 71st Legislature specifically amended section 74.053(b) to substitute "shall not" for "is disqualified to." Act

of May 2, 1989, 71st Leg., R.S., ch. 270, § 1, 1989 Tex.Gen.Laws 1214. From this action, we infer the legislative intent to remove any unintended constitutional implications from the section 74.053 objection provision. Consequently, the effect of an objection to an assigned judge is more in the nature of a recusal motion than a motion raising the judge's disqualification from sitting in a case. Under such analogous circumstances, the motion may obligate the judge to take certain actions, but it is not the mere filing of the motion that prohibits the judge from hearing the case. *McLeod v. Harris,* 582 S.W.2d 772, 774 (Tex.1979); *Gaines,* 677 S.W.2d at 731.

As mentioned above, we have considered the authorities which hold that the timely filing of a section 74.053 objection automatically disqualifies the assigned judge. Based on the distinction between constitutional disqualification and prohibition from hearing a case on nonconstitutional grounds, we decline to follow those cases. Instead, we hold that a party waives its objection to an assigned judge by proceeding to trial without first presenting its section 74.053 objection and obtaining a ruling from the assigned judge.

Judge Barnes' judgment in this case is valid on its face because the only objection to the judge was ineffective and, in any event, waived. Consequently, our focus shifts from the validity of Judge Barnes' judgment to the authority of Judge Alvarez to enter the sanctions order that the relator has attacked. *See Weaver v. Lewis,* 774 S.W.2d 701, 703 (Tex.App.—Corpus Christi 1989, orig. proceeding).

A trial court's authority to grant sanctions in a case ends with the expiration of the court's plenary power. *Vera v. Perez,* 884 S.W.2d 182, 184 (Tex.App.—Corpus Christi 1994, no writ); *Goad v. Goad,* 768 S.W.2d 356, 358 (Tex.App.—Texarkana 1989, writ denied), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990). Liberally construed, Galvan's motion for sanctions may be considered to have extended the trial court's plenary power by implicitly requesting the court to vacate its judgment. Even under this liberal reading, however, the mo-

tion was overruled by operation of law 75 days after the judgment was signed, and the trial court's plenary power expired 30 days later. TEX.R.CIV.P. 329b(c), (e). Accordingly, Galvan's request for a hearing on the motion for sanctions, the hearing itself, and the consequent sanctions order occurred well after the court's plenary power over the case expired.

Galvan did not appeal the directed verdict within the allotted time. Thus, Galvan's only means of challenging the directed verdict at this time is by bill of review. *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995); *see also* TEX.R.CIV.P. 329b(f). Because the motion for sanctions cannot be construed as a bill of review, the challenged sanctions order is void and subject to remedy by mandamus. *Rosser v. Squier,* 902 S.W.2d 962, 962 (Tex.1995) (orig. proceeding).

Accordingly, we conditionally grant a writ of mandamus directing Judge Alvarez to vacate her sanctions order against the Texas Employment Commission. The writ will not issue, however, unless Judge Alvarez fails to comply with this opinion.