**In re Annette GONZALEZ.**

**In re Valerie Prescott.**

**Nos. 04–03–00183–CV, 04–03–00364–CV.**

Court of Appeals of Texas,
San Antonio.

June 25, 2003.

Eduardo Serna and Roberto Serna, Law Office of Eduardo Serna, Crystal City, for Appellant.

James B. Davis, James B. Davis, P.C., Carrizo Springs, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by: CATHERINE STONE, Justice.

Annette Gonzalez and Valerie Prescott each filed petitions for writ of mandamus seeking to set aside two different orders signed by the trial court.[2] The primary issues in this consolidated proceeding are

2. We consolidated petition for writ of mandamus no. 04–03–00183–CV and petition for writ of mandamus no. 04–03–00364–CV in the interest of efficient administration.

whether a constitutional county judge disqualified from serving on the case because he had previously performed work on the case may sign: (1) an order appointing a visiting judge to try the case; and (2) an order transferring the contested case from county court to district court pursuant to section 5(b) of the Texas Probate Code after the case has already been tried by the appointed visiting judge. Under the facts of this case, we hold that the disqualified judge could sign an order appointing a visiting judge to try the case. However, we further hold that the disqualified judge could not sign an order transferring the contested case from county court to district court. Therefore, we conditionally grant Annette Gonzalez's petition for writ of mandamus and deny Valerie Prescott's petition for writ of mandamus.

### FACTUAL AND PROCEDURAL BACKGROUND

This case concerns probate proceedings arising from the death of Valgene William Lehmann, Jr. After Lehmann's death, his adult daughter, Valerie Prescott, initiated probate proceedings in the constitutional county court of Dimmit County. Prescott was named the temporary administratrix of the estate. Annette Gonzalez filed an application to determine heirship, claiming she was Lehmann's common law wife. The heirship application was filed in the Dimmit County constitutional county court. Acting through her attorney, James B. Davis, Prescott filed an original answer to the heirship application, denying that Gonzalez was Lehmann's wife.

The heirship application was set for trial before County Judge Charles Johnson on December 4, 2002. No court reporter was available, so the case could not be tried at that time, although a jury was selected and numerous witnesses were sworn in and placed under the rule. The parties agreed to reset the case to January 21, 2003. The

parties recognized that in January 2003 Johnson would no longer be the county judge, and that James Davis's law partner, Francisco Ponce, would be the new county judge. The parties agreed that Ponce would be disqualified to serve as judge because he had actually done some work on the probate case. The parties further agreed that Charles Johnson should be appointed to serve as judge in the case and that he could try the case in January 2003.

On January 15, 2003, Judge Ponce signed an order appointing Judge Johnson to serve as judge in the case. The order recites that "the Court finds good cause exists" for the appointment of Judge Johnson, and that Johnson is to be compensated pursuant to section 26.026 of the Texas Government Code. When the case was called for trial on January 21, 2003, the parties agreed that Judge Johnson should call the regional administrative judge, David Peeples, to confirm his appointment. Although there is no reporter's record of the pre-trial conference or of the telephone conversation, all parties agree that: (1) the call was made; (2) Judge Peeples's office informed Judge Johnson that he was not eligible to serve as a visiting judge under the Government Code; and (3) the parties then agreed that Judge Johnson could serve as a special judge and preside over the case.

The trial began on January 21, and ultimately a verdict was reached finding that Gonzalez was the common law wife of Lehmann. After trial, but before a written judgment was signed, Prescott filed a Motion to Transfer the Contested Application to Determine Heirship Proceedings to the District Court of Dimmit County, Texas. Prescott's motion was filed at 11:45 a.m. on February 19, 2003. Five minutes later at 11:50 a.m., an order granting the transfer was signed by County Judge Ponce and was filed with the county clerk. It is this

order that Gonzalez complains of in her mandamus petition. By contrast, Prescott seeks mandamus to set aside the earlier January 15 order appointing Johnson as a special judge.[3]

### STANDARD OF REVIEW

■ Because mandamus will issue only to "correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law," the relators must demonstrate that either: (1) the trial court could reasonably have reached only one decision concerning the resolution of certain factual issues or matters committed to the trial court's discretion; or (2) the trial court failed to analyze or apply the law correctly. *See Walker v. Packer*, 827 S.W.2d 833, 839–840 (Tex.1992).

■ Mandamus will issue to correct a void order of a trial court. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex.1986); *McGrew v. Heard*, 779 S.W.2d 455, 457 (Tex.App.-Houston [1st Dist.] 1989, orig. proceeding). If an order challenged by writ of mandamus is void, the relator need not show that it lacks an adequate appellate remedy. *In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (per curiam); *In re Consol. Freightways*, 75 S.W.3d 147, 151 (Tex. App.-San Antonio 2002, orig. proceeding).

### *Disqualification of Judge Ponce*

■ Judges may be removed from a specific case because they are constitution-

ally disqualified. Article V, section 11 of the Texas Constitution provides:

> No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

TEX. CONST. art. V, § 11. Disqualification of a judge may be raised at any time, even on appeal or in a collateral attack on the judgment. *Zarate v. Sun Operating, Ltd., Inc.*, 40 S.W.3d 617, 621 (Tex.App.-San Antonio 2001, pet. denied). Once it is determined that a judge is constitutionally disqualified from sitting in a case, the judge is without authority to act and the judge's rulings are void. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex.1998). When a judge "continues to sit in violation of a constitutional proscription," mandamus is available to compel the judge's mandatory disqualification without a showing that the relator lacks an adequate remedy by appeal. *Id.* The question here is whether Judge Ponce continued "to sit in violation of constitutional proscription" when he signed the order assigning Judge Johnson and when he signed the order transferring the case to district court.

### *Order Appointing Judge Johnson*

Prescott contends that Judge Ponce's order appointing Judge Johnson is void "for lack of jurisdiction." She argues that a disqualified judge is without jurisdiction and that any order signed by a disqualified judge is void.[4] *See Gulf Mar. Warehouse*

---

3. Prescott claims in her response to Gonzalez's petition for mandamus that both the January 15 and February 19 orders signed by Judge Ponce are "void and mandamus should issue to correct both of these orders."

4. Prescott relies on cases addressing the conduct of disqualified judges, yet she goes to great pains in her mandamus petition to point

out that she disagrees with Gonzalez's statement that all parties agreed that Ponce was "obviously disqualified." Nonetheless, Prescott's Response to Gonzalez's mandamus petition admits that her attorney advised Judge Johnson in December 2002 that a new judge should be appointed, that all parties agreed at the January pre-trial conference that Ponce was disqualified, and that the parties further

*Co. v. Towers,* 858 S.W.2d 556, 559 (Tex. App.-Beaumont 1993, writ denied). Indeed, some courts, including this court, have stated broadly that a disqualified judge is "absolutely without jurisdiction" and that orders signed by a disqualified judge are void. *See Zarate,* 40 S.W.3d at 621; *Gulf Mar. Warehouse Co.,* 858 S.W.2d at 559 (citing William W. Kilgarlin & Jennifer Bruch, *Disqualification and Recusal of Judges,* 17 St. Mary's L.J. 559, 601–02 (1986)). However, other cases either do not view the issue as one of a judge's jurisdiction or are not quite so sweeping in their language. *See In re Union Pac. Res. Co.,* 969 S.W.2d at 428 (noting that disqualified judge's orders are void and without effect, but not stating that a disqualified judge is without jurisdiction); *Spigener v. Wallis,* 80 S.W.3d 174, 179–80 (Tex.App.-Waco 2002, no pet.) (holding that a constitutional disqualification deprives a trial judge of the authority to act). In *Spigener v. Wallis,* the court noted that while the Court of Criminal Appeals no longer characterizes a judge's authority to preside as a jurisdictional issue, the civil courts have not yet embraced the distinction between jurisdiction of a court and authority of a judge. *Wallis,* 80 S.W.3d at 179–80 n. 5.

Although not specifically stated, it appears that Gonzalez claims the appointment order was authorized because it did not involve the exercise of judicial discretion. Gonzalez contends that: (1) all parties agreed that Judge Ponce was disqualified; (2) Judge Ponce apparently recognized that he was disqualified as indicated by his order appointing another judge to hear the case; (3) all parties agreed that Judge Johnson should hear the case; and (4) there was no indication that Judge Johnson was in any way disqualified from hearing the case. Thus,

agreed that Judge Johnson could serve as a

under these unique circumstances, Gonzalez contends the order appointing Judge Johnson is not void. In support of this contention Gonzalez relies on *Chilicote Land Co. v. Houston Citizens Bank & Trust Co.,* 525 S.W.2d 941, 943 (Tex.Civ. App.-El Paso 1975, no writ) and *Sun Exploration & Production Co. v. Jackson,* 729 S.W.2d 310, 312 (Tex.App.-Houston [1st Dist.] 1987), *rev'd on other grounds,* 783 S.W.2d 202 (Tex.1989). Both of these cases recognize that when a judge is disqualified from acting on a case, the judge is incapacitated from taking any action in the case which requires the exercise of judicial discretion. Gonzalez thus contends that since no judicial discretion was involved in signing the order of appointment, it is a valid order.

■ Gonzalez's argument is supported by the cases she cites, and by the Supreme Court's opinion in *Buckholts Independent School District v. Glaser,* 632 S.W.2d 146, 148 (Tex.1982). Her argument is also supported by the Texas constitution. When a county judge is disqualified from sitting in a case, the constitution provides for appointment of a replacement judge as follows:

> When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, appoint a proper person to try said case, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law.

Tex. Const. art. V, § 16. In the instant case, all parties agreed that Judge Ponce was disqualified to try the case and that Judge Johnson was a proper person to try the case. The parties agreed to have Judge Johnson try the case. Judge

special judge to conduct the jury trial.

Ponce's order of appointment merely confirmed what the parties had agreed to. His order was therefore a ministerial act confirming a selection made by the parties as authorized by the constitution.

■ Prescott also contends Judge Johnson's actions are void because he was not appointed in accordance with procedural requirements specified in section 25.0022(h) of the Government Code and in Rule 18 of the Texas Rules of Civil Procedure. *See* TEX. GOV'T CODE ANN. § 25.0022(h) (Vernon 1988); TEX.R. CIV. P. 18a. In particular, Prescott complains that *no motion to disqualify Judge Ponce was filed,* no notice of a hearing on a motion to disqualify was given, and Judge Johnson did not sign an oath before the trial began. When a special judge is selected, the record must show the authority for the special judge's selection. *See Saylors v. State,* 836 S.W.2d 769, 771 (Tex. App.-Waco 1992, pet. ref'd).

■ In this case, the parties agreed that Judge Ponce was disqualified, thus the absence of a motion to disqualify is of no import. The record also contains Judge Ponce's order appointing Judge Johnson for "good cause" to preside over the case. This is at least circumstantial evidence of a need for a special judge. The record does not contain evidence of an oath being administered to Judge Johnson prior to trial, and Judge Johnson admits in an affidavit that he did not execute the oath until April 2, 2003, more than two months after the trial of the case. We have found no cases with facts like these— a special judge selected to preside over county court based on the parties' agreement. Nor have we found any authority that indicates the procedural requirements of any statute or rule must be observed when the parties agree on a replacement as allowed by the constitution. There are older cases holding that reversible error occurs when a special judge is selected and

the record does not show full compliance with any statutory requirements regarding the selection. *See Reed v. State,* 55 Tex. Crim. 137, 114 S.W. 834, 834 (1908); *Clements v. Fort Worth & D.S.P. Ry. Co.,* 7 S.W.2d 895, 898 (Tex.Civ.App.-Amarillo 1928, no writ). These cases, however, do not deal with a constitutional disqualification with the parties agreeing on a replacement judge. Therefore, we hold that the judge's failure to timely take the oath is a procedural rather than jurisdictional matter, and that Prescott waived her complaint about the failure to take the oath by not timely objecting to that failure. *See* TEX.R.APP. P. 33.1. Accordingly, we deny Prescott's petition for writ of mandamus because the order of appointment was not void.

### Order Transferring Case to District Court

In a county such as Dimmit County with no statutory probate court or county court at law, a contested probate matter may be transferred to district court in accordance with section 5(b) of the Probate Code. This statute provides in part that:

> in contested probate matters, the judge of the county court may on the judge's own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate court judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court. . . .

TEX. PROB.CODE ANN. § 5(b) (Vernon 2003). Judge Ponce's order of transfer was purportedly based on this statute.

■ Gonzalez challenges Judge Ponce's order on two grounds. First, Gonzalez notes that once the case was assigned to Judge Johnson, Ponce was without authority to enter into the case and grant

orders. *See Dunn v. County of Dallas*, 794 S.W.2d 560, 563 (Tex.App.-Dallas 1990, no writ). Second, Gonzalez claims the order of transfer involved the exercise of judicial discretion, and thus was not permitted in light of Judge Ponce's disqualification. *See Jimmy Swaggart Ministries v. Tex. Commerce Bank Nat'l Ass'n*, 662 S.W.2d 774, 775–77 (Tex.App.-Houston [14th Dist.] 1983, no writ). For example, in order to determine that a transfer of the contested case to district court was warranted, Judge Ponce had to conclude that the motion to transfer was timely filed. Determination of this factor necessarily involved the exercise of discretion. Therefore, we conclude that Judge Ponce had no authority to sign the transfer order because it involved the exercise of discretion.

### CONCLUSION

Based on the foregoing, we conditionally grant Annette Gonzalez's petition for writ of mandamus, which will issue only if the trial court does not vacate its order transferring the underlying cause from county court to district court. Further, we deny Valerie Prescott's petition for writ of mandamus.