F.S. NEW PRODUCTS, INC. and Tesco American, Inc. d/b/a Tesco/Williamsen, Appellants,

v.

STRONG INDUSTRIES, INC. and Brooks Strong, Appellees.

No. 01–01–00086–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 2003.

Carlton D. Wilde, Jr., Sheila M. Wollam, Jeffrey D. Meyer, Franklin, Cardwell & Jones, P.C., Laura P. Haley, Campbell, Harrison & Wright L.L.P., Thomas C. Wright, Wright Law Firm, Houston, TX, for Appellants.

Robert B. Dubose, Cook & Roach, LLP, Stephen G. Tipps, Baker & Botts, L.L.P., Houston, TX, for Appellees.

Original panel consisted of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## EN BANC ORDER ON MOTION TO DISQUALIFY

EVELYN V. KEYES, Justice.

The panel opinion in this case issued September 11, 2003. Appellant, Tesco American, Inc. d/b/a Tesco/Williamsen, subsequently filed a motion seeking to disqualify Justice Laura Carter Higley, author of the opinion, and to reassign the case to a different panel, "to avoid any appearance of impropriety and to promote public confidence in the judicial system." We address appellant's motion as a motion to disqualify Justice Higley and to recuse the remaining members of the panel, Chief Justice Sherry Radack and Justice Elsa Alcala.[1] Justice Higley has decided not to agree to the disqualification; and Justices Radack and Alcala have decided not to recuse themselves. The panel has certified the disqualification and recusal matters to the remainder of the Court. We deny appellant's motion.

---

1. Appellant contends the case should be reassigned, given "the collegial nature of the court" and the "indisputable fact that the other justices on the panel were influenced by the authoring judge." We construe appellant's request as a motion to recuse the other panel members on the ground that their impartiality might reasonably be questioned. See Tex.R.App. P. 16.2; Tex.R. Civ. P. 18b(2); Sears v. Olivarez, 28 S.W.3d 611, 615 (Tex. App.-Corpus Christi 2000, no pet.); Chandler v. Chandler, 991 S.W.2d 367, 386–87 (Tex. App.-El Paso 1999, pet. denied) ("While a judge's ability to be fair is an appropriate issue in a recusal action under the Texas Rules of Civil Procedure, 'fairness' is not a consideration in constitutional disqualification.").

*Part I. Procedure for Determining Disqualification and Recusal*

■ Texas Rule of Appellate Procedure 16.3 governs the recusal of appellate justices. It provides that a challenged justice must remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining justices, sitting en banc. TEX. R.APP. P. 16.3. The challenged justice may not sit with the remainder of the court to consider the motion. *Id.; Williams v. Viswanathan,* 65 S.W.3d 685, 687 (Tex.App.-Amarillo 2001, no pet.).

■ However, while the rules provide a procedure for determining the recusal of a challenged justice who decides not to recuse himself or herself, they do not provide a procedure for determining the disqualification of such a justice. In 1997, Rules of Appellate Procedure 15 and 15a, governing the disqualification and recusal of appellate judges, were merged to create Rule 16. TEX.R.APP. P. 16, "Notes and Comments." The comment to the 1997 change provides that *"[t]he procedure for disqualification is not specified." Id.* (emphasis added). Therefore, we must determine, as a matter of first impression for this Court, whether the procedure prescribed by Rule 16.3 for the recusal of appellate justices, or some other procedure, should be followed in determining the disqualification of a challenged justice. We follow our fellow appellate courts in applying the same rule of decision to mo-

tions for disqualification as to motions for recusal, *i.e.,* that set out in Rule 16.3. *See McCullough v. Kitzman,* 50 S.W.3d 87, 88 (Tex.App.-Waco 2001, pet. denied); *Sears v. Olivarez,* 28 S.W.3d 611, 615 (Tex.App.-Corpus Christi 2000, no pet.).[2]

Having determined that Justice Higley properly certified appellant's disqualification challenge to the remaining Court and that Chief Justice Radack and Justice Alcala each likewise properly certified appellant's recusal challenge to the Court, to be decided by the remainder of the judges sitting en banc, we turn to the merits of appellant's motion for disqualification and recusal.[3]

*Part II. Grounds for Disqualification*

Appellants contend that Justice Higley is disqualified because she was a lawyer at Baker Botts, L.L.P. during the time Stephen Tipps, a partner in that firm, represented appellees Strong Industries, Inc. and Brooks Strong. Appellant has cited four actions Baker Botts took in this appeal prior to withdrawing in October 2001, four months before the first brief was filed by any party. It filed a cross notice of appeal; it participated in a status conference that was not attended by any of the justices on the panel that ultimately decided the appeal; it signed a joint motion to extend deadlines; and it moved to withdraw.

Appellant disavows any claim that Justice Higley is guilty of any improper conduct. It admits that, although Justice

---

**2.** This procedure is the functional equivalent of the procedure for disqualification or recusal of a trial judge under Rule of Civil Procedure 18a. Rule 18a provides that, upon proper motion to disqualify, and prior to any further proceedings in the case, the judge shall either recuse himself or request that the presiding judge of the administrative judicial district assign a judge to hear the motion. TEX.R. CIV. P. 18a(a), (c), (d).

**3.** We have decided appellant's motion with respect to each challenged justice by a vote of the remaining justices sitting en banc. *See McCullough,* 50 S.W.3d at 88. No challenged justice sat with the remainder of the Court when the challenge to that justice was considered. *See id.*

Higley was an attorney at Baker Botts during the time Tipps represented appellees, it has "no information that Justice Carter Higley knew of this case during her tenure at Baker Botts, L.L.P."[4] Rather, appellant contends that Rule of Appellate Procedure 16.1 and Rule of Civil Procedure 18b require that judges disqualify themselves in all proceedings in which a lawyer with whom they previously practiced law served as a lawyer during the time of that association, regardless of the judges' knowledge of the association; and it further contends, that, because Justice Higley is disqualified from deciding the appeal in this matter, the judgment she rendered is a nullity and cannot be given effect by this Court. *See* Tex.R.App. P. 16.1; Tex.R. Civ. P. 18b(a).

In general, a judge may be removed from a case because he or she is (1) disqualified under Article V, section 11 of the Texas Constitution, (2) disqualified under a statute, or (3) disqualified or recused under rules promulgated by the Texas Supreme Court. *See In re Union Pac. Resources Co.,* 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); *In re Chavez,* No. 08–03–00277–CR, slip op. at 6, — S.W.3d ——, ——, 2003 WL 21920375 (Tex.App.-El Paso, Aug. 12, 2003, orig. proceeding); *Spigener v. Wallis,* 80 S.W.3d 174, 180 (Tex.App.-Waco 2002, no pet.).

An appellate judge, however, unlike a trial judge, may be disqualified only on constitutional or statutory grounds, not on the basis of the rules of procedure. *See* Tex.R.App. P. 16.1, Tex.R.App. P. 16, "Notes and Comments"; *Sears,* 28 S.W.3d at 615. Rule 16.1, governing disqualification, provides, in its entirety, "The grounds for disqualification of an appellate court justice or judge are determined by the Constitution and laws of Texas." Tex.R.App. P. 16.1. By contrast, Rule 16.2, which provides the grounds for *recusal* of an appellate justice, states, in relevant part, "The grounds for recusal of an appellate court justice or judge are the same as those provided in the Rules of Civil Procedure." Tex.R.App. P. 16.2. The comment to the 1997 change emphasizes that, "[f]or grounds for disqualification, reference is made to the Constitution and statutes *rather than* the Rules of Civil Procedure." Tex.R.App. P. 16, "Notes and Comments" (emphasis added).

The distinction between disqualification on constitutional grounds and disqualification based on the rules of procedure is crucial because appellant is correct in its claim that an order or judgment rendered by a constitutionally disqualified judge is void. *See Union Pac. Resources,* 969 S.W.2d at 428 ("[A]ny orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect."). Moreover, disqualification on constitutional grounds cannot be waived and may be raised even after the judgment is beyond appeal. *Fry v. Tucker,* 146 Tex. 18, 202 S.W.2d 218, 221–22 (1947); *In re Gonzalez,* 115 S.W.3d 36, 39 (Tex.App.-San Antonio 2003, no pet.); *Texas Emp. Comm'n v. Alvarez,* 915 S.W.2d 161, 165 (Tex.App.-Corpus Christi 1996, no pet.). By contrast, disqualification based on grounds other than express constitutional grounds may be waived. *Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 148 (Tex.1982) (disqualification is waivable under statutory predecessor to section

---

4. We note that when appellant filed its brief it did not list Baker and Botts or Stephen Tipps as persons interested in the litigation, as required by Rule 38.1(a), which would have put this Court on notice of Baker Botts's association with this case. *See* Tex.R.App. P. 38.1(a) (stating that appellant's brief must list the names and addresses of *all* trial and appellate counsel).

74.059(c)(4) of the Government Code;[5] *In re Union Pacific Resources,* ("*[O]n timely objection,* the disqualification of an assigned judge who is not a retired judge is mandatory under Texas Gov't Code § 74.053(d)[6] and any orders entered by a trial judge in a case in which he is disqualified are void.")(emphasis added); *Alvarez,* 915 S.W.2d at 165.

In *Buckholts,* the supreme court expressly drew the distinction between constitutional disqualification and statutory disqualification. 632 S.W.2d at 148. It observed that, for many years, constitutional disqualification for judges and the only statutory disqualification coincided exactly, voiding any order involving judicial discretion by a disqualified judge and making disregard of constitutional disqualification error that could be raised at any point in a proceeding. *Id.* However, in 1977, the legislature added a new provision for disqualification: article 200a, section 6.[7] *Id.; see Alvarez,* 915 S.W.2d at 165. The supreme court held that the legislature's mention of motions to recuse in the same paragraph as motions to disqualify showed that it did not intend a disqualification that would make all actions void. *Buckholts,* 632 S.W.2d at 148. The exact same reasoning applies to motions to disqualify a judge pursuant to the Rules of Civil Procedure, which address disqualification and recusal in the same sections. *See* TEX.R. CIV. P. 18a, 18b. Since appellant contends that Justice Higley is disqualified under the constitution and that the actions she has taken in this case are, therefore, null and void, we must determine whether ap-

pellant seeks disqualification on constitutional or procedural grounds.

◼ The Texas Constitution provides that no judge shall sit in a case (1) "wherein he may be interested," or (2) where either of the parties is connected with him by affinity or consanguinity within the degree prescribed by law, or (3) "when he shall have been counsel in the case." TEX. CONST. art V, § 11. To warrant disqualification, a judge's "interest" must be "a direct pecuniary or property interest in the subject matter of the litigation." *Chandler v. Chandler,* 991 S.W.2d 367, 386–87 (Tex.App.-El Paso 1999, pet. denied); *Cameron v. Greenhill,* 582 S.W.2d 775, 776 (Tex.1979); *Sears,* 28 S.W.3d 611, 615 (Tex.App.-Corpus Christi 2000, no pet.). The interest must be pecuniary so that the judge stands to gain or lose by the judgment rendered in the case. *Williams,* 65 S.W.3d at 692. It must not only be capable of valuation; it must also be direct, real, and certain and must result from the instant litigation. *Id.*

◼ Appellant has not alleged that Justice Higley is connected with either party by affinity or consanguinity. Nor has it pointed to any direct pecuniary or property interest that Justice Higley has in this litigation or provided any information from which such an interest may be deduced. Nor has it alleged that Justice Higley has herself been counsel in this case. Rather, appellant contends that Justice Higley is disqualified because an attorney in the law firm with which she previously practiced

---

5. Section 74.059(c)(4) governs the removal of district, statutory probate, and county court judges. TEX. GOV'T CODE § 74.059(c)(Vernon 1998).

6. Section 74.053(c) governs the removal of former judges and justices. TEX. GOV'T CODE § 74.053(d)(Vernon 1998).

7. *See* TEX. GOV'T CODE § 74.059(c)(4). Rule of Civil Procedure 18a now defines the procedure for the application of former article 200a. *Gaines v. Gaines,* 677 S.W.2d 727, 731 (Tex.App.-Corpus Christi 1984, no writ).

served as a lawyer in this case while Justice Higley was practicing at the firm.

In short, appellant contends that the constitutional standard for disqualifying an appellate justice who has been "counsel in the case" incorporates the standard for disqualification set out in Rule of Civil Procedure 18b(1)(a), which provides that judges shall disqualify themselves in all cases in which "they have served as a lawyer in the matter in controversy, *or* a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter." TEX.R. CIV. P. 18b(1)(a) (emphasis added). Relying on *In re O'Connor,* 92 S.W.3d 446, 449 (Tex.2002), appellant argues that Justice Higley is thus "vicariously disqualified."

■■■■ Appellant's reliance on *O'Connor* is misplaced. *O'Connor* specifically distinguishes the constitutional standard for disqualification from the standard for disqualification under Rule of Civil Procedure 18b. 92 S.W.3d at 449. Quoting the language from article V, section 11 of the constitution that "[n]o judge shall sit in any case ... when the judge shall have been counsel in the case," *O'Connor* states, "Before a judge is disqualified on this ground, 'it is necessary that *the judge acted as counsel* for some of the parties in [the] suit before him in some proceeding in which the issues were the same as in the case before him.'" *Id.* at 448 (quoting *Lade v. Keller,* 615 S.W.2d 916, 920 (Tex. Civ.App.-Tyler 1981, no writ)) (emphasis added). The constitutional standard thus requires that the judge *himself* must have acted as counsel for a party to the litigation on the same matter. *Accord Holifield v. State,* 538 S.W.2d 123 (Tex.Crim.App. 1976)("The prohibition found in Article 5, Section 11 of the Texas Constitution and

Article 30.01, V.A.C.C.P., against a judge hearing a case in which he has acted as counsel requires that he *actually have participated in the very case which is before him*") (emphasis added). *O'Connor* continues,

> *Rule 18b(1)(a)* incorporates this [constitutional] language and *also provides* that a judge is disqualified if 'a lawyer with whom [the judge] previously served during such association as a lawyer concerning the matter.' *See* TEX.R. CIV. P. 18b(1)(a). Rule 18b(1)(a) accordingly recognizes that a judge is *vicariously disqualified* under the constitution as having 'been counsel in the case' if a lawyer with whom the judge previously practiced law served as counsel to a party concerning the matter during their association.

*Id.* at 448–49 (emphasis added). *O'Connor* thus expressly distinguishes the constitutional standard for disqualification of a judge who personally served as counsel in a case from the procedural standard set out in Rule 18b(1)(a), promulgated under the constitution, which includes not only direct personal disqualification but also vicarious disqualification.[8]

We decline appellant's invitation to import the concept of vicarious disqualification into the constitutional standard for disqualification of a judge who has been "counsel in the case." Neither the plain language of the constitution nor *O'Connor* supports such a construction. Rather, appellant's "constitutional" disqualification standard collapses the distinction between the constitutional standard for the disqualification of an appellate justice and the standard for disqualification under the rules of civil procedure, importing into the

---

**8.** That Rule 18a is promulgated "under the constitution" does not entail that it is coextensive with article V, section 11. *See* *Buckholts,* 632 S.W.2d at 148. All valid rules ultimately derive their authority from constitutional provisions.

constitutional standard by the back door the procedural standard that the 1997 change to the Rules of Appellate Procedure purposefully cast out by the front. The adoption of appellant's standard for disqualification of an appellate justice would thus nullify the effect of the 1997 change in the rules, which expressly precludes the courts' determining the disqualification of appellate justices on the basis of the rules of procedure. *See* TEX.R.APP. P. 16.1, 16.2, and 16, "Comment to 1997 change."

 Moreover, to decide as appellant asks us to do would be to enable litigants to "lie behind the log" and "sample" the justices of this Court before moving to disqualify, and then to void the judgment and opinion of the Court by collateral attack on otherwise final judgments on merely procedural grounds. This we will not do. Judges should not remove themselves from cases "where disqualification would put power in the hands of litigants to frustrate our judicial system." *Gaines v. Gaines*, 677 S.W.2d 727, 731 (Tex.App.-Corpus Christi 1984, no writ). Collegially determined opinions and judgments are void upon the disqualification of an appellate justice precisely because the grounds for disqualification are constitutional, or at least statutory. *See Spigener*, 80 S.W.3d at 180; *Alvarez*, 915 S.W.2d at 165. An appellate justice is not disqualified from deciding an appeal, and a judgment is not void, merely because of a tangential association between that justice and the appeal that does not present constitutional or statutory grounds for disqualification and that may even be, as here, unknown to the challenged justice.

*Part III. Recusal*

 Unlike disqualification, the grounds for the recusal of appellate justices are the same as the grounds for the recusal of trial judges under the Rules of Civil Procedure. TEX.R.APP. P. 16.2. Under Rule of Civil Procedure 18b, a judge is required to recuse himself in any proceeding in which his impartiality might reasonably be questioned. TEX.R. CIV. P. 18b(2)(a).

 The only grounds alleged for questioning the impartiality of Chief Justice Radack and Justice Alcala or the propriety of their sitting on this case is their participation in deciding an appeal in which the authoring judge was subsequently challenged as having been disqualified. This is not a true challenge to the impartiality of either justice, merely a reference to the collegial nature of the court. We consider the challenge to be without merit.

*Part IV. Disposition*

 Determination as to whether disqualification or recusal is necessary is made on a case-by-case, fact intensive basis. *See Williams* at 687; *McCullough*, 50 S.W.3d at 89. As to each of the challenged justices who certified the issue of disqualification or recusal to the entire court, a majority of the remaining justices found no reason to disqualify or recuse the justice under consideration. TEX. CONST., art V, sec. 11; TEX.R.APP. P. 16; TEX.R. CIV. P. 18a, 18b.[9]

Appellant's motion to disqualify Justice Laura Carter Higley and to recuse Chief

---

9. The dissent reads dictum in *Union Pacific Resources* as providing for mandamus whenever an appellate justice refuses to disqualify himself on motion of a party, before or after judgment. *See Union Pac. Resources*, 969 S.W.2d at 428. We disagree. Following this procedure would short circuit Rule of Appellate Procedure 16 and forge a shortcut to the supreme court for any disappointed litigant who contends that a justice is disqualified on any ground-constitutional, statutory, or procedural.

Justice Sherry Radack and Justice Elsa Alcala is denied.

En banc consideration of the motion to disqualify was requested.

A majority of the Justices of the en banc Court voted in favor of considering the motion en banc.

The en banc Court consists of Chief Justice RADACK and Justices Hedges, TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, and HIGLEY.

Justice KEYES, writing for the majority of the en banc Court, joined by Chief Justice RADACK and Justices TAFT, NUCHIA, ALCALA, and HANKS.

Chief Justice RADACK and Justice ALCALA, not participating in Parts III and IV.

Justice HEDGES, concurring.

Justice JENNINGS, dissenting.

Justice HIGLEY, not participating.

ADELE HEDGES, Justice, concurring in en banc order on motion to disqualify.

I respectfully concur. I reluctantly join the majority's conclusion that Rule of Appellate Procedure 16.1 does not require the disqualification of Justice Higley. I believe that the question is very close. I decide as I do because the 1997 amendments to the appellate rules deliberately omitted a previous reference to Rule of Civil Procedure 18b, and instead denominated as grounds for disqualification those "determined by the Constitution and the laws of Texas." TEX.R.APP. P. 16.1. Basic rules of statutory construction inform us that such a deliberate omission signals that the grounds of rule 18b no longer apply to appellate court justices.

Having arrived at that conclusion, however, I am still not entirely certain of the scope of rule 18b. While 18b itself is not controlling on appellate court justices, is the rule broader than Article V, Section 11 of the Constitution, or is the rule contermious? If the former, then we are right: disqualification is required only when the justice himself or herself actually represented the party. If the latter, then we are wrong, since that construction would mean that rule 18b's vicarious representation would control and compel disqualification in this case. This latter interpretation seems to be supported by language in *In re O'Connor,* which states, "Rule 18b(1)(a) accordingly recognizes that a judge is vicariously disqualified **under the Constitution** as having 'been counsel in the case' if a lawyer with whom the judge previously practiced law served as counsel to a party concerning the matter during their association." 92 S.W.3d 446, 449 (Tex.2002) (citing TEX. CONST. art. V, § 11) (emphasis ours). The court strengthens this notion when it continues, "This conclusion is consistent with our holding in *National Medical Enterprises, Inc. v. Godbey,* that '[an] attorney's knowledge is imputed by law to every other attorney in the firm.'" *Id.* (citing 924 S.W.2d 123, 131 (Tex.1996)).

I am also troubled by the apparent difference in grounds for disqualification between district and county court judges, on the one hand, and appellate justices on the other. If there is a logical explanation, it has eluded me. I can perceive no reason why the grounds for disqualification should not be the same.

Finally, I am troubled that the supreme court has not set forth a procedure that would allow a neutral judge or judges to determine whether a court-of-appeals justice is disqualified. If avoiding the appearance of impropriety is as important a public policy as we say it is, it only makes sense to me for the supreme court to establish a procedure in which a court-of-

appeals justice must either (1) disqualify herself or himself or (2) refer the matter for determination. The supreme court could promulgate rules allowing referral of the disqualification matter to a judge or judges who do not serve on the court of appeals in question. Such a procedure would ensure that the process for determining disqualification not only be legally correct, but also *appear* impartial to the parties, their lawyers, and the general public.

TERRY JENNINGS, Justice,
dissenting from en banc order on motion to disqualify.

Because the en banc Court unnecessarily denies appellant, Tesco American, Inc. d/b/a Tesco/Williamsen (Tesco), relief that Tesco never requested and erroneously adopts a procedure for the disqualification of appellate justices, I respectfully dissent.

In its "Motion to Disqualify," Tesco requests the following relief:

> Tesco respectfully *moves that Justice Higley*[1] *remove herself from this case.* Moreover, given the collegial nature of the Court and the indisputable fact that the other justices on the panel were influenced by the authoring judge, in order to take a cautious approach to avoid any appearance of impropriety and to promote public confidence in the judicial system, Tesco *moves the Court to reassign the case to a new panel for reargument and disposition.*

(Emphasis added.) Tesco, in no uncertain terms, has requested two actions: (1) for Justice Higley, individually, to "remove herself from this case," and, without precedent, (2) for the entire Court "to reassign the case to a new panel."

### Recusal

I do not agree with the en banc majority's conclusion that Tesco's motion effectively seeks to recuse the other panel members, Chief Justice Radack and Justice Alcala. Tesco simply has not asked for the recusal of Chief Justice Radack[2] and Justice Alcala.[3] In fact, Tesco, in its "Motion to Disqualify," in no way argues for their recusal and *does not even brief the issue.*

It is well-settled that, if a party does not comply with the mandatory requirements of a recusal rule, it waives its right to complain of a judge's refusal to recuse herself. *See Gill v. Dep't of Crim. Justice,* 3 S.W.3d 576, 579 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Here, Texas Rule of Appellate Procedure 16.3(a) requires that a party seeking to recuse a justice "promptly" file a motion to recuse a justice "after the party has reason to believe that the justice ... should not participate in *deciding the case.*" Tex.R.App. P. 16.3(a) (emphasis added). Both Chief Justice Radack and Justice Alcala have already participated in deciding the case. Accordingly, Tesco, in failing to timely file a motion to recuse, has waived any issue in regard to their recusal.

No matter what Tesco's reason, the bottom line is that it has not asked Chief Justice Radack and Justice Alcala to recuse themselves. This Court should not deny Tesco relief that it never requested. If a majority of this Court wants to deny

---

**1.** The Honorable Laura Carter Higley, Justice, Court of Appeals, First District of Texas at Houston.

**2.** The Honorable Sherry Radack, Chief Justice, Court of Appeals, First District of Texas at Houston.

**3.** The Honorable Elsa Alcala, Justice, Court of Appeals, First District of Texas at Houston.

Tesco's unprecedented motion to "reassign the case to a new panel," it should do so in a succinct order.

## Disqualification

In its motion, Tesco contends that Justice Higley is constitutionally disqualified[4] to participate in the case. *See* TEX. CONST. art. V, § 11 ("No judge shall sit in any case ... when he shall have been counsel in the case.").

Although it cites to the comment to Rule 16 that "[t]he procedure for disqualification [of appellate justices] is not specified," the en banc majority holds that, "as a matter of first impression," "the procedure prescribed by Rule 16.3 for the recusal of appellate justices," nevertheless, "should be followed in determining the disqualification of a challenged justice." In support of its holding, the en banc majority relies on *McCullough v. Kitzman*, 50 S.W.3d 87 (Tex.App.-Waco 2001, pet. denied) and *Sears v. Olivarez*, 28 S.W.3d 611 (Tex. App.-Corpus Christi 2000, no pet.). However, neither the *McCullough* court nor the *Sears* court articulated any basis for their holdings that a court should follow "the same procedure to address both recusal and disqualification issues." In fact, *McCullough* merely cites *Sears*. Likewise, here, the en banc majority merely follows *McCullough* and *Sears* without stating why.

Neither this Court, the *McCullough* court, nor the *Sears* court, seem to recognize the very distinct possibility that the Texas Supreme Court, in drafting Rule 16, may have consciously chosen not to provide appellate courts with "the same procedure to address both recusal and disqualification issues."

*Constitutional disqualification* and *recusal* are very different creatures. As noted by the Supreme Court:

Judges may be removed from a particular case either because they are constitutionally disqualified, TEX. CONST. art. V, § 11, because they are subject to a statutory strike, TEX. GOV'T.CODE § 74.053(d), or because they are recused under rules promulgated by this Court. TEX.R. CIV. P. 18a, 18b; TEX.R.APP. P. 16. *The grounds and procedures for each type of removal are fundamentally different. See generally* Kilgarlin & Bruch, *Disqualification and Recusal of Judges,* 17 ST. MARY'S L.J. 599 (1986).

*In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428 (Tex.1998) (emphasis added). Accordingly, "the requirements and *procedures* governing disqualification and recusal are *entirely separate and distinct.*" Kilgarlin & Bruch, 17 ST. MARY'S L.J. at 601 (emphasis added).

A constitutional disqualification deprives a judge of the authority to act; "any orders or judgments rendered by a judge who is constitutionally disqualified are void and without effect." *In re Union Pac. Res. Co.,* 969 S.W.2d at 428. Thus, the Texas Constitution provides that, "[w]hen the ... Court of Appeals, or any member [thereof] shall be thus disqualified to hear and determine any cause or cases in said court, the same shall be certified to the Governor of the State, who shall immediately commission the requisite number of persons learned in the law for the ... determination of such cases or causes." TEX. CONST. art. V, § 11. If, on the other hand, "a judge continues to sit in violation of a constitutional proscription," the ob-

---

**4.** Tesco notes that the "constitutional disqualification rule ... does not necessitate showing any improper conduct, and no claim of such conduct is made or implied by this motion."

Tesco did not even file its motion to disqualify Justice Higley until 15 days after the panel issued its opinion.

jecting party is *"entitled to mandamus relief"* to "compel the judge's mandatory disqualification without a showing that the relator lacks an adequate remedy by appeal." *In re Union Pac. Res. Co.*, 969 S.W.2d at 428 (emphasis added).

In contrast, the erroneous denial of a recusal motion does not void or nullify a judge's subsequent acts. *Id.* While a judgment rendered in such circumstances may be reversed on appeal, it is not fundamental error and, as noted above, can be waived if not timely raised by proper motion. *Id.* If a higher court determines that a recusal motion is erroneously denied, it can reverse the lower court's judgment and remand for new proceedings before a different judge. *Id.* Such a procedure is "no different than the correction of any ... court error through the normal appellate process." *Id.*

Accordingly, it has been stated, with some authority, that, "[b]ecause constitutional disqualification cannot be waived and can be raised at any time, the Appellate Rules do not prescribe a procedure for raising disqualification." 10 WILLIAM V. DORSANEO III, ET AL., TEXAS LITIGATION GUIDE § 150.02[7][h] (2003).

Here, Tesco's motion is made directly to Justice Higley, individually, and not to this Court. The reason that such a motion is made directly to a purportedly disqualified judge is because, as noted above, a constitutional disqualification deprives a judge of the authority to act. *See In re Union Pac.*

*Res. Co.*, 969 S.W.2d at 428. If a judge erroneously continues to sit in violation of a constitutional proscription, the aggrieved party is "entitled to mandamus relief" to "compel the judge's mandatory disqualification without a showing that the relator lacks an adequate remedy by appeal." *Id.*

Because the Texas Constitution provides the procedure for an appellate justice to remove herself from a case on the basis of disqualification and because a party is "entitled to mandamus relief" when a justice continues to sit in the case in violation of a constitutional proscription, the en banc majority's decision to create such a procedure identical to the recusal procedure in Rule 16.3 is in serious error.

### Conclusion

In its opinion, the en banc majority holds that Tesco's "motion to recuse is without merit and groundless." I would agree, except that Tesco never made a motion to recuse any member of this Court from deciding this appeal. As noted above, if a majority of this Court wants to deny Tesco's unprecedented motion to "reassign the case to a new panel," it should do so simply in a succinct order.[5]

The en banc majority further holds that "Justice Higley is not constitutionally disqualified from deciding the appeal in this case." The Supreme Court may ultimately come to this conclusion in a denial of a writ of mandamus.[6] However, because an ob-

---

**5.** If Justice Higley is constitutionally disqualified, as argued by Tesco, then its request that the Court resubmit the case to a new panel is without merit because, as noted above, the Texas Constitution provides the procedure to be utilized in regard to disqualified justices. *See* TEX. CONST. art. V, § 11.

**6.** However, in regard to constitutional disqualification, it has been noted that, "[i]t matters not if the judge, while an attorney, had nothing to do with the civil litigation pending

before him, if he was a member of a lawfirm that gave counsel as to the pending litigation." Kilgarlin & Bruch, 17 ST. MARY'S L.J. at 613 (citing *State ex rel Routh v. Burks*, 82 Tex. 584, 18 S.W. 662, 662–63 (1891)). In *Burks*, the Supreme Court held that a "judge properly held himself disqualified" to sit in a lawsuit in which the State sought to dissolve a corporation which his former law firm had assisted in organizing. *Id.* at 663

jecting party is "entitled to mandamus relief" to compel a judge's mandatory disqualification when the judge continues to sit in violation of a constitutional proscription, this is not the en banc Court's decision to make.