

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00183-CR

IN RE R. WAYNE JOHNSON, RELATOR

ORIGINAL PROCEEDING

June 17, 2015

## EN BANC ORDER ON MOTION TO RECUSE

Before QUINN, C.J., and CAMPBELL and HANCOCK and PIRTLE, JJ.

R. Wayne Johnson, a prison inmate appearing *pro se*, filed a petition asking the court to issue a writ of mandamus against the Honorable Don Emerson, judge of the 320th District Court of Potter County. We dismissed the petition by opinion issued on April 30, 2015.

Johnson now has filed a motion, mailed on May 15 and received by the Court on May 18, in this proceeding, seeking recusal of the entire court. He complains generally that the court shows bias and a lack of impartiality, and that we refuse to follow the law and ethical standards. Under appellate rule 16.3(a), "A party may file a motion to recuse a justice or judge before whom the case is pending. The motion must be filed promptly after the party has reason to believe that the justice or judge should not

participate in deciding the case." TEX. R. APP. P. 16.3(a). For the reasons that follow, we deny the motion to recuse.

The reasons Johnson cites for recusal of all this court's justices are complaints that he has previously raised in response to the court's disposition of matters filed here. *See, e.g., In re Johnson*, 07-04-0465-CV, 2004 Tex. App. LEXIS 9157 (Tex. App.—Amarillo Oct. 15, 2004, orig. proceeding) (per curiam, mem. op.) ("Relator's stated grounds for the court's recusal include statements that the court has ignored the law in 'several past mandamus actions,' that our [earlier] opinion demonstrates a bias and prejudice against him, and that our failure to follow the law contravenes the justices' oaths of office, the Code of Judicial Conduct and our duty to follow the requirements of the United States Constitution rather than contrary procedural rules"). Johnson's motion to recuse in this instance thus does not meet rule 16.3(a)'s requirement that such a motion be filed promptly after the movant has reason to believe that a justice or judge should not participate in deciding the case. *See Eggert v. State*, No. 11-10-00177-CR, 2011 Tex. App. LEXIS 1716 (Tex. App.—Eastland, March 10, 2011) (per curiam order, not designated for publication) (noting asserted ground for recusal was known to movant because he asserted same ground in previous appeal five years prior).

Johnson's motion to recuse is untimely for another reason. The court in *McCullough v. Kitzman*[1] rightly noted that the phrase "in deciding the case" in rule 16.3(a) indicates that once the appellate court issues an opinion, the time for filing a motion to recuse has expired. 50 S.W.3d at 88. We issued our opinion dismissing relator's mandamus petition fifteen days before he mailed his motion to recuse.

---

[1] 50 S.W.3d 87 (Tex. App.—Waco 2001, pet. denied) (per curiam).

Johnson was still within the time to seek an extension to file a motion for rehearing or en banc reconsideration when he filed his motion to recuse, but he has sought neither rehearing, reconsideration nor an extension. *See* TEX. R. APP. P. 49 (rehearing and en banc reconsideration); 49.8 (extension of time). Under these circumstances, there is nothing more for the court to do with respect to "deciding the case."[2]

As did the court in *McCullough*, 50 S.W.3d at 88, we find Johnson's current motion to recuse is properly denied as untimely filed. Nevertheless, the court has considered the motion to recuse, in a manner like that described in *McCullough*. *Id*. The motion remained pending for the period during which Johnson might have sought an extension of time to file a motion for rehearing or en banc reconsideration of the dismissal of his mandamus petition. TEX. R. APP. P. 49.8. That period ended June 1.[3] As noted, Johnson filed no motion for extension, so there has been no "further proceeding in the case." TEX. R. APP. P. 16.3(b).

Each of the justices who constitute the panel that decided Johnson's mandamus petition has considered the motion to recuse, individually. The grounds for recusal of an appellate court justice are the same as those set out in the Rules of Civil Procedure. TEX. R. APP. P. 16.2; TEX. R. CIV. P. 18b(b). Chief Justice Quinn, Justice Campbell and Justice Pirtle each found no reason to recuse himself. TEX. R. APP. P. 16.3(b). The

---

[2] *See F.S. New Products, Inc. v. Strong Indus.*, 129 S.W.3d 594, 603 (Tex.App.—Houston [1st Dist.] 2003) (Jennings, J., dissenting) (expressing view that recusal of panel members not disqualified was waived because members "have already participated in deciding the case")*, rev'd sub. nom. Tesco Am., Inc. v. Strong Indus.,* 221 S.W.3d 550 (Tex. 2006).

[3] And the court has allowed additional time for operation of the mailbox rule. TEX. R. APP. P. 9.2(b).

court, en banc, also has considered the motion as to each of those three justices in turn, with the challenged justice removing himself from participation when his recusal was considered. TEX. R. APP. P. 16.3(b); *see In re S.G.E.*, No. 09-11-00191-CV, 2012 Tex. App. LEXIS 1832 (Tex. App.—Beaumont March 8, 2012, pet. denied) (mem. op.)*, cert. denied,* 134 S. Ct. 689, 187 L. Ed. 2d 577, 2013 U.S. LEXIS 8471 (2013); *Williams v. Viswanathan*, 65 S.W.3d 685, 687 (Tex. App.—Amarillo, 2001 no pet.); *McCullough*, 50 S.W.3d at 88 (all applying rule 16.3 procedure). The en banc court has found the motion to recuse is properly denied, as to each member of the panel. Accordingly, and for all the reasons stated, the motion to recuse is denied.


Per Curiam


Publish.

4