IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00239-CV

 

In re Texas Genco, LP, n/k/a Texas Genco II, LP

 

 



Original Proceeding

 

 



DISSENTING Opinion



 

          The action of the court is void
because Chief Justice Gray is disqualified.  Even if it is not void, the trial
judge did not abuse his discretion when he denied the motion to quash the
deposition of Jack Fusco, CEO of the Relator, which is the party that filed the
underlying suit.  Accordingly, I dissent.

          Chief Justice Gray filed a
“Certification of Disqualification” in Cause No. 10-05-00244-CV, another
mandamus proceeding in which CenterPoint Energy, Inc. was the Relator.  See
In re CenterPoint Energy, Inc., No. 10-05-00244-CV (Tex. App.—Waco June 6, 2005, certification).  The issue in that case arose in the same underlying
case, when the Real Party in Interest filed a notice to take the deposition of
CenterPoint’s CEO David McClanahan.  We
conditionally issued a writ of mandamus.[1]  See
In re CenterPoint Energy, Inc. 2005 WL 1531827 at
*9-10 (Tex.  App.—Waco June 29, 2005, orig. proceeding).

          The Petition for Writ of Mandamus in this case explains:
“At the time this lawsuit was filed, Texas Genco, LP was an indirect,
wholly-owned subsidiary of CenterPoint Energy, Inc. . . . In December 2004,
Texas Genco, LLC—through its wholly-owned subsidiary Texas Genco II,
LP—acquired all of Texas Genco’s non-nuclear power generation assets, including
the Limestone Plant, from CenterPoint. . . .  Accordingly, Texas Genco II, LP
is Texas Genco, LP’s successor.”  The reporter’s record filed in this proceeding
shows that the separate motions to quash, filed by CenterPoint and Relator,
were heard, and denied, in the same hearing.

          For reasons not entirely clear, Chief
Justice Gray communicated directly to the parties on June 29, 2005, by letter
signed only by him, that (1) his wife is represented by Susman Godfrey, counsel
for Valence Operating Company, the Real Party in Interest, (2) his wife owns
stock in CenterPoint Energy, Inc., and (3) although she formerly owned stock in
Texas Genco, the Relator, it was sold in a forced sale in the Fall of 2004.  He
expressed the opinion that he is not disqualified or subject to recusal but set
a deadline of July 20 for filing such a motion.[2] 
That letter was neither approved by nor joined by any other justice.

          After counsel for Texas Genco
responded, Chief Justice Gray again communicated directly to the parties on
July 6, by a letter signed only by him, raising “two issues regarding Center
Point’s involvement” and asking these questions:


 Has CenterPoint been, or is it likely to
 be, a party to the underlying litigation?
 Is there any way that CenterPoint is or
 could be impacted financially as a result of the underlying litigation?
 Is Centerpoint now simply a person from
 whom discovery is sought that is no longer a party to the underlying
 litigation?
 Whether the prior involvement of
 CenterPoint as a party in this litigation, and the prior ownership
 interest in Genco, is a ground for constitutional disqualification or for
 recusal?
 What is the nature of the discovery sought
 from CenterPoint?  
 If the discovery could be material to the
 result, is it different than if the discovery provided by CenterPoint is
 largely uncontested or otherwise immaterial?


The letter asks for briefing on the first four
questions.[3] 
As with the first letter, neither of the other justices on the panel in this
case approved the letter nor joined in sending it.

          Why is this important?  Because
disqualification[4] on
constitutional grounds cannot be waived and may be raised even after the
judgment is beyond appeal.  Fry v. Tucker, 146 Tex. 18, 202 S.W.2d 218,
221-22 (1947).  An order or judgment rendered by a constitutionally
disqualified judge is void.  See In re Union Pac. Resources Co., 969
S.W.2d 427, 428 (Tex. 1998) (orig. proceeding).  A disqualification is a
disqualification; it does not depend on “likelihood,” “could be,”
“materiality,” or whether a matter is “uncontested.”

          Recusal is another matter.  Grounds
for recusal of an appellate judge are essentially the same as those
provided in the Rules of Civil Procedure.  Id.; Tex. R. App. P. 16.2;
Tex. R. Civ. P. 18b(2).  Grounds for recusal can be waived after fully
disclosed on the record.  Tex. R. Civ.
P. 18b(5).  Here, the question would be full disclosure.  If it was necessary
to send the letters described above, in my view more information should have
been provided, including for example:

·       
the name of counsel at
Susman Godfrey who is handling the injury claim;

·       
if a case is pending, how
long has it been pending and the status of the case;

·       
whether claims are included
that belong to the community estate;

·       
additional information about
the financial interests in the party-companies, including whether, as addressed
in rule of procedure 18b(4)(d), a relationship such as director or advisor or
other active participation in the affairs of either company exists; and 

·       
an offer to provide any
information that a party might reasonably request to evaluate the merits of a
possible motion to disqualify or recuse.

Full disclosure would include information about
a spouse’s holdings and relationships.  See Tex. R. Civ. P. 18b(3) (“A judge should inform himself about
his personal and fiduciary financial interests, and make a reasonable effort to
inform himself about the personal financial interests of his spouse . . . .”). 
The information presented was not sufficient to evaluate the need for a recusal
motion.

Texas Genco’s counsel responded to Chief Justice
Gray’s request, acknowledging that CenterPoint was the parent of Texas Genco,
that a direct pecuniary or personal interest in the results of a case
disqualifies a judge, that being a stockholder in a corporation disqualifies
judge when the corporation is a party, that Chief Justice Gray’s wife still
owns CenterPoint stock,[5]
that the Real Party in Interest has served discovery on CenterPoint that “will
no doubt be burdensome for CenterPoint Energy and will cause it to incur
attorney’s fees and other expenses.”  The response asserts that no Texas
authority has been identified where third party discovery rises to the level of
a direct and substantial financial interest but acknowledges that the rules
provide for recusal of a judge who knows that his spouse has a financial
interest in a party to the proceeding or any other interest that could be substantially
affected by the outcome of the proceeding.

Notwithstanding Chief Justice Gray’s direct
request for briefing with a July 20 deadline, Valence Operating Company, the
Real Party in Interest, replied on July 28 without briefing, essentially
adopting Texas Genco’s position.[6]  Susman
Godfrey has not responded.

Believing that the order is void because
CenterPoint is a party to the proceeding below and that the ruling on the
merits is wrong, I dissent.

 

 

 

BILL VANCE

Justice

 

Dissenting
opinion delivered and filed August 10, 2005









    [1]       We
also have a direct appeal pending involving these parties, Texas
Genco, LP v. Valence Operating Co., No. 10-04-00365-CV.

 





    [2]       Even
if it were necessary to communicate directly with the parties, no opinion
should be expressed on a matter not then pending before the court.  Stating in
advance that no grounds for disqualification or recusal exist is bound to have
a “chilling effect” on the parties.

 





    [3]       This
is the first time in my almost fifteen years on the court that a single justice
has requested briefing on a matter that pertained only to that justice.

 





    [4]       An
appellate judge, unlike a trial judge, may be disqualified only on
constitutional or statutory grounds, not on the basis of the rules of
procedure.  New Products, Inc. v. Strong Industries, Inc., 129 S.W.3d
594, 598 (Tex. App.—Houston [1st Dist.] 2003, no pet.).





    [5]       The
presumption is that the stock is community property.

 





    [6]       In the direct appeal, Valence advised the Clerk that it was “aware of” no grounds for disqualification or
recusal.